## LYON v. TEVIS.

Where the record of a cause is so confused that the appellate court cannot act upon it with safety to the rights of the parties, the cause will be remanded, with leave to the parties to replead.

A person who acts as the mere agent of another in a transaction, ought not to be made a party to a suit, unless he is charged with fraud in the transaction. He has no interest in the suit, and the other parties have a right to his testimony.

Bill to enjoin the collection of a judgment, alleged to have been paid. The attorney who obtained the judgment for the plaintiff, was made a party respondent. Demurrer to the bill for that reason; *Held*, That the attorney was an improper party.

*Appeal from the Polk District Court.*

TUESDAY, APRIL 5.

IN CHANCERY. Bill sets up that a certain judgment in favor of Tevis, Scott & Tevis, and against the firm of Cole, Lyon & Co., has been fully paid, and prays an injunction, &c. Decree in favor of complainant, and respondents appeal. For the material facts, see the opinion of the court.

*Cassady & Crocker*, for the appellants.

*Cole & Jewett*, for the appellees.

WRIGHT, C. J.—The merits of this case, we shall not undertake to examine. To do so, with any degree of safety to the rights of either party, would be utterly impossible upon a record so confused and inexplicable. The bill was filed in October, 1856, and the decree rendered in 1858. During

this time, there was an *amended*, and what is called an amended or *another* petition, filed—two motions to dissolve the injunction—and two demurrers to the petitions. One demurrer was overruled, but no disposition seems to have been made of the other, nor was any action ever had upon either motion. There was a motion to strike the amended petition, and one by the complainant to strike the demurrer to what is called "the amended or another petition." The journal entry shows that the motion to strike the amended petition was sustained; whereas, a bill of exceptions found in the record, recites that the motion of complainant to strike the respondent's demurrer was sustained. While it is not very clearly shown, yet it is fairly inferrable that the pleadings were all lost at one time, and that the third (or "another petition,") was filed to supply the loss, and designed to be substituted for the original bill and the amendment to it. Subsequently the papers were found; but whether the cause was heard upon the substituted or original bill, it is impossible to tell. If upon the substituted, then there was an answer to it by one of the parties, and it would have to be taken as true as against him. If upon the original, then the record shows that the amendment to it was stricken from the files, and all the respondents answered the bill as first filed. And, again: the decree recites that the cause came on for hearing upon the pleadings, exhibits, &c. Whether the papers and records in the judgment at law, which was enjoined in the action, were used in evidence, as exhibits, or otherwise, is left in great uncertainty. The parties differ, and the record leaves it in such doubt that we cannot determine.

Under these circumstances, we shall remand the cause, that the parties may have an opportunity to replead. There is no doubt as to our power to make such an order, and this is, in every respect, such a case as to call for its exercise.

There is one question in the case, however, that we may determine at this time. Cassady was the attorney of Tevis, Scott & Tevis, in procuring the judgment against complainant, and had charge of its collection. He was made a party

Lyon v. Tevis.

in this case, and demurred upon the ground that he was improperly thus joined, not having any interest in said suit. The same objection is now urged in this court, and we think it is well made. There is no charge of fraud or combination on the part of the attorney. While acting for his client, it is charged that he recovered an amount sufficient to satisfy the judgment. If so, then his clients received it; for, as against complainants, when it was paid to him, it was paid to them. If he did not receive it as their attorney, then he would be liable to complainant in his individual capacity, and not as the agent of his clients. A person who acts as the mere agent of another in a transaction, ought not to be made a party, unless he is charged with fraud. He has no interest in the suit, and the other respondents have a right to his testimony. Story's Eq. Plead., secs. 231–2; 2 Story's Eq. Jur., secs. 1499, 1500; Mitf. Ch. Pleadings, 189. The practice of making a mere agent a defendant to a suit, has, of late, been regarded as a practice of a very anomalous character, and open to serious objection; and it has been said, that it will not be extended to any cases to which it has not already been applied. " It seems to be limited to cases of fraud, as that word is generally understood in a court of equity, and does not apply where, though the agent acts erroneously, he acts openly and avowedly." *Attwood* v. *Small*, 6 Clark & Frem. 352; *Marshall* v. *Sladden*, 7 Hare, 428.

As far, then, as shown by the pleadings, as they now stand, Cassady was improperly made a party, and his demurrer should have been sustained. To this extent, the proceedings below will be reversed, and the cause remanded, with leave to the parties to replead.