## STRINGFIELD v. GRAFF *et al.*

1. Parties: ATTORNEY, WHEN PROPER PARTY. An attorney, with whom are deposited, by the principal in a judgment, for the benefit of his surety therein, and to be applied, when collected, on such judgment, certain notes as collaterals, who executes receipts in his own name therefor, and who, it is averred, has failed and refused to pay over and apply on the judgment a large portion of the money collected on such collaterals, is properly joined as a party defendant to a bill filed by the surety against the holders of the judgment, praying for an account and a cancellation of the judgment which is alleged to be fully paid.

2. —— PRINCIPAL AND SURETY. In such an action the principal in the judgment is a proper, but not a *necessary*, party plaintiff, and the suit may be instituted by the surety alone, without joining the principal.

*Appeal from Mills District Court.*

MONDAY, JULY 1.

PARTIES: WHEN ATTORNEY A PROPER PARTY: SURETY: WHEN MAY BRING BILL TO CANCEL JUDGMENT.—This appeal

is from the decision of the District Court, overruling a demurrer to the substituted petition.  Defendants appeal. Graff alone assigns error.

He makes two points : First, that, being the attorney or agent of the other defendants, he is not properly a party to the action, being liable, if at all, to his principals and not to the plaintiff.  Second, that one Coberly, and not the plaintiff, should have brought the action.

The following is a brief outline of the substantial averments of the substituted petition, which is very lengthy :

In 1857, Stringfield (the plaintiff herein) and said Coberly executed notes for over $2,000 to one Rains.

Stringfield was only *surety*, and Rains, and Doan, King & Co. (his assignees), and Graff, all knew this fact.

In February, 1859, Rains recovered judgment on these notes against Coberly and the plaintiff, as his surety, for $2,073 and costs.

Graff was Rains' attorney, and procured the judgment. Coberly placed certain notes and accounts, amounting to over $3,000, in the hands of the *plaintiff* to secure him, and Rains knew this.

Rains agreed to take these notes into his hands, as trustee, and hold them as collateral, and to use diligence and dispatch in collecting the same.  Rains referred plaintiff to Graff to act for plaintiff in the matter. Accordingly, plaintiff applied to Graff, and Graff agreed to act for him.

Plaintiff delivered the notes and accounts which he had received of Coberly to Graff, and received his receipts therefor.  In March, 1859, Rains assigned his judgment against Coberly and plaintiff, to defendants, Doan, King & Co., merely as collateral, for a prior debt of theirs against Rains.  Graff was the attorney of Doan, King & Co. in this matter, as well as the attorney of Rains.

It is alleged that Doan, King & Co., having notice of all the facts, became entitled to the said securities and charged with the obligations therewith connected.

Rains died insolvent. The receipts for the collaterals are executed by Graff in his own name.

It is alleged that Graff represented, from time to time, that he was making proper application of the moneys collected on said collaterals, whereas the contrary is averred to be the truth.

It is also alleged that $3,000 have been collected by Graff from said collaterals, and only $1,180 applied on the judgment; that Graff refuses to make a statement, or account to plaintiff; that Graff claims to retain, and does retain, six hundred dollars of the moneys so collected, without right to do so; that he is not entitled to any commissions; that some losses have occurred in consequence of negligence with respect to the collection of the collaterals.

It is alleged that said judgment is fully paid.

An account is prayed, and a decree canceling the judgment and for general relief.

*D. H. Solomon* for the plaintiff.

*Wm. Hale* and *L. W. Ross* for the defendants (appellants).

DILLON, J.— I. This is, upon the assumption of the truth of the averments of the petition, a plain case. The 1. PARTIES: attorney, when proper party. demurrer admits, of course, the case as stated. Graff, being charged in the petition with fraudulent representations injurious to plaintiff, and with having in his hands moneys which should be applied, and which he agreed to apply, upon the judgment, and which he (Graff) claims the right to retain, he

is most obviously a proper party to a bill seeking an account and a cancellation of the judgment.

Besides, the receipts are executed by Graff in his own name, and in some of them he agrees to make the collections and to apply the proceeds to the judgment in question. The facts averred in the petition and referred to in the statement of the case, distinguish it from *Lyon* v. *Tevis* (8 Iowa, 79).

II. Is Coberly a necessary party plaintiff? We think not. Defendants received the collaterals from the plaintiff alone, although it is true that plaintiff had, before that time, received them from Coberly. The receipts for them were made to the plaintiff alone. So far as the plaintiff seeks to have the judgment satisfied, and the proceeds of the collaterals applied for that purpose, he may plainly maintain this bill in his own name. He can do this by virtue of the above facts and of his relation as surety. Whether *he* can have relief beyond that which is above mentioned, we need not now determine.

2. —— principal and surety.

Coberly would undoubtedly be a *proper* party plaintiff, but he is not a necessary party. See *Rice* v. *Savery* at present term.

The judgment of the District Court is affirmed, and the cause remanded for further proceedings.

Affirmed.