## HURLEY v. STREET.

1. **Tax sale :** STATUTE OF LIMITATION. The five years' statute of limitation contained in the revenue law (Rev. § 790), does not begin to run until the execution and recording of the tax deed. Following *Eldridge* v. *Kuehl*, 27 Iowa, 160.

2. —— POWER TO MAKE SECOND DEED. The power of the treasurer to make a second and correct deed, affirmed. Following *McCready* v. *Sexton, ante*, 356, and *Parker* v. *Sexton, ante*, 421. WRIGHT J., *dissenting*, as therein.

3. —— ADJOURNMENT OF SALE. Where real property has been once duly advertised for sale for taxes, the sale thereof may be made at any time thereafter, pursuant to adjournments regularly made, and need not be advertised again. Rev. §§ 764, 773, and Laws Ex. Sess. 1861, p. 32.

4. **Action of right :** RECOVERY. The plaintiff in an action of right must recover on the strength of his own title, and not the weakness of his adversary's.

*Appeal from Pottawottamie District Court.*

WEDNESDAY, AUGUST 31.

ACTION for the recovery of real property, to wit : Lot 172 in the original plat of the city of Council Bluffs. The petition is in the usual form ; plaintiff avers that he is the absolute owner and entitled to the present possession of the lot. The defendant, for answer, denies the averments of the petition *seriatim*, and, for sixth count of

his answer, avers that he is the owner of the lot, and derives his title by purchase thereof at a tax sale, March 21, 1862, for taxes of 1857, 1858 and 1859, by one Palmer, who assigned the certificate of purchase to Pusey. 7. That Pusey obtained a tax deed from the treasurer thereon, March 22, 1865, and sold and conveyed to plaintiff by quit-claim deed, April 10, 1865. 8. That afterward the treasurer discovered that the deed first made to Pusey contained an error, in not stating that said lot was sold separately from other property, and thereupon he made, on September 1, 1866, another deed, showing the separate sale of said lot, and thereby conveyed to Pusey the title he intended to convey by the first deed. 9. That more than five years have elapsed since said sale, and plaintiff's action is thereby barred. Copies of the two tax deeds and of the quit-claim by Pusey to defendant are annexed to the answer.

The plaintiff demurred to the sixth, seventh, eighth and ninth counts of the answer, because : 1. The first deed to Pusey is void on its face and conveys no title. 2. The treasurer had no power to make the second deed. 3. That the facts stated do not show that plaintiff's right of action is barred. 4. The law authorizing the sale is unconstitutional and void. 5. The sale was not made at a time fixed by law, and is void. This demurrer was overruled, and plaintiff excepted.

There was a trial to the court, and the following testimony introduced. The plaintiff introduced proof showing title in himself, and rested. Defendant then introduced a copy of the tax deed made by the treasurer to Pusey, of date March 22, 1865, showing the sale of lot 172 and forty-four feet of lot 175, together, for the aggregate of the taxes on both ; also a copy of the second tax deed made by the treasurer to Pusey, of date September 1, 1866, showing the sale of each lot separate,

Hurley v. Street.

and reciting that it was " made for the purpose of correcting an error in a tax deed made of the same property on the 22d day of March, 1865." The plaintiff objected to the introduction of these deeds. In support of his right to introduce the same, the defendant introduced as a witness Thomas Tostevin, who testified that he was treasurer at the time the sale and deeds were made; that the lots and lands were advertised for sale for taxes on the first Monday of December, 1860, and the sales were adjourned from time to time, but at no time for more than two months, up to the sale of the lot in controversy; that there was no advertisement for 1860 ; that there was no record kept of the adjournments, but notice thereof was given by posting up written notices in the treasurer's office. This evidence was also objected to, but the objection was overruled; and defendant then introduced the quit-claim deed made by Pusey to him, of date April 10, 1865, and rested.

Plaintiff then introduced the certificate of sale made by the treasurer to the purchaser, showing the taxes, interest, costs, etc., upon each lot separately, but reciting that the purchaser " having offered to pay the sum of one hundred dollars and twenty-four cents, being the whole amount of taxes, interest, and costs then due and remaining unpaid on said property, for all of the above described property, which was the least quantity bid for, etc.

Defendant then recalled the witness Tostevin, who testified that the parcels described in the certificate were sold separately ; that the tax book so shows the sale, also ; that it never was the custom of the office to sell more than one parcel at a time. The record of the tax sales was then introduced, showing the sale of lot 172 separately. This was all the evidence.

The district court found for the defendant, and the plaintiff appeals.

Hurley v. Street.

*Baldwin & Wright* and *Withrow & Wright* for the appellant.

*E. H. Stiles, W. F. Sapp,* and *Frank Street pro se,* for the appellee.

COLE, Ch. J. — I. We have heretofore decided that the five years limitation of the statute (Rev. § 790), does not

1. TAX SALE: statute of limitation.

begin to run until the execution and recording of the tax deed. *Eldridge* v. *Kuehl*, 27 Iowa, 160. And hence the ninth count of the answer did not set up facts constituting a bar to the action under the statute, and the demurrer thereto should have been sustained. But the plaintiff did not stand upon his demurrer, and suffer judgment against him. The cause was fully tried upon its merits, without reference to the statute of limitation, and no prejudice whatever has resulted to plaintiff by reason of the erroneous ruling upon that point of the demurrer. It does not, therefore, constitute any ground for a reversal.

The same is true as to the first point in the demurrer, to wit : that the first tax deed to Pusey was void on its face, and conveyed no title. The deed is the same as that held void by this court in *Boardman* v. *Bourne*, 20 Iowa, 134. But it was held in *Finley* v. *Brown*, 22 id. 538, that it was not a prejudicial error to allow such deed to be read in evidence.

II. The same point as to the power of the treasurer to make a second and corrected deed, where he had made

2. —— power of treasurer to make second deed.

the first and void one, is made by the demurrer, and also by objection to its introduction as evidence in the case. The point has been ruled at the present term, against the objection made by plaintiff, in the case of *McCready* v. *Sexton*, *ante*, 356, holding that the treasurer has the power. In this case the proof by the record of tax sale, and by the testimony

Hurley v. Street.

of the treasurer, is clear and abundant that the sale of the lot in controversy was separate from the other and as recited in the second deed. The correction was made so as to accord with the record and facts, and affords a good illustration of the justness and wisdom of the rule held in the case cited.

III. It was further objected both by the demurrer and upon offering the deeds in evidence that the sale of the lots in controversy was at a time not author-3.——adjourn-ments of sale. ized by law. The objections being grounded upon the fact that the sale took place in March, 1862, upon an advertisement made for a sale in December, 1860; thus being carried by adjournment over the time fixed by statute for the succeeding annual sale. A bare reading of the statute and its amendments will show the error of the objector. Revision, section 764, provides for the advertisement or notice of sale for taxes. A part of said section as originally enacted, is as follows: "It is required that such advertisement shall state the time and place of sale and contain the description of the several parcels of real estate to be sold, *as the same are recorded on the tax list, the amount of taxes for each year*, and amount of interest and costs against such tract or the names of owners, when known, or persons, if any, to whom taxed." * * * Section 773 provides for adjournment of the sale "from time to time not to exceed two months at a time until the next regular annual sale, or until the taxes shall have been paid." Afterwards, at the extra session of the Legislature in 1861 (See Laws Ex. Ses. 1861, ch. 24, § 4. p. 32) the above words in *italics* were repealed and the following enacted in their stead, to-wit: "For the delinquent taxes of the preceding year and such real property as has not been advertised for the taxes of previous years, and on which the taxes remain due and delinquent, and the amount of taxes." Taking all these provisions together, it is reason-

ably clear that real property is to be advertised but once and that the sale of such real estate once advertised may be made at any time thereafter, pursuant to adjournments regularly made.

IV. It is also objected that the quit-claim deed made by Pusey to defendant conveyed no title, since Pusey only **4. ACTION OF** held the title under the first tax deed, which **RIGHT: recovery.** was void and conveyed no title to him; and the title acquired by Pusey under the second tax deed did not enure to this defendant, who is therefore not the owner of the property. This might all be conceded and yet the plaintiff is not thereby aided in his action, since he must recover upon the strength of his own title, which, as we have seen, was divested by the conveyance to Pusey, and not on the weakness of the defendants.

Affirmed.

WRIGHT, J. Dissenting as to the power of the treasurer to make the second deed.