Cole, Ch. J.
1. practice : prejudice, I. The defendants demurred to the plaintiff’s'petition and the demurrer was sustained. Afterward defendants answered. The plaintiff moved strike the answer from the files, because the demurrer to the petition had been sustained, and this motion was overruled. The sustaining of the demurrer and the overruling of the motion are assigned as errors. It is sufficient to say that if they were errors, which we do not determine, they were, nevertheless, without prejudice to the substantial rights of the plaintiff.
2. tax deed: treasurer to correct. II. The defendants claimed title under a tax sale and deed, and, in support of their title, offered in evidence the treasurer’s deed to D. D. Chase, of date July 25, 1868, in the form prescribed by the statute, reciting a compliance with all the provisions of the revenue law, and also reciting that “Hiram Bennett, late treasurer of the county (Hamilton), did, on the 7th day of October, 1865, execute and deliver to D. D. Chase, aforesaid, a treasurer’s deed for the above-described lands, and erroneously described the sale as in lump, and not as sold and described in certificate .of sale.” The plaintiff objected to the introduction of this deed in evidence, because it showed that a prior deed had been made by the treasurer, and hence there was no power in the treasurer to make the second deed, and it was void on its face. This point has already been ruled by us against the plaintiff. McCready v. Sexton, 29 Iowa, 356; S. C., 4 West. Jur. 332; Parker v. Sexton & Son, 29 Iowa, 421; S. C., 4 West. Jur. 354; Hurley v. Street, 29 Iowa, 429; S. C., 4 West. Jur. 360.
III. The validity of the tax sale and deed is assailed because the land was assessed and sold in three parcels, *302 instead, of four. The quarter was fractional, and was assessed and sold as two forty-acre tracts and one seventy-3 _sales in acre tract. That -this does not invalidate the gross. sale an¿ conveyance has been substantially decided by this court, in Allen v. Armstrong, 16 Iowa, 508; Corbin v. De Wolf, 25 id. 124; and Stewart v. Corbin, id. 144.
rant: IY, That the tax warrant had no seal, or was issued without any order from the board of supervisors, are objec which do not affect the title conveyed by the treasurer’s deed. See Parker v. Sexton & Son, supra.
Very much of the argument of counsel was addressed to questions made by defendants, assailing plaintiff’s title to the land in controversy, and claiming that he never had any title to it. But, conceding that he once had, it was divested by the tax sale and deed under which defendants claim.
Affirmed.