PATON v. LANCASTER ET AL.

1. **Pleading**: EQUITY. Where an owner in possession of real estate brings suit in equity against adverse claimants to quiet his title thereto, Sec. 4274 of the Code, (Revision of 1860, Sec., 3602), will entitle him to the relief sought, if sustained by the proofs, under a general prayer for relief, if his petition embodies the essential averments the statute, notwithstanding it is manifest that it was not framed with especial reference thereto.

2. **Attorney**: PARTIES: PRINCIPAL AND AGENT. In a suit in equity against a principal, one who has represented him as agent or attorney in transactions respecting the subject matter and is not charged with fraud, should not be made a party; if so made, he is entitled to be dismissed with his costs.

*Appeal from Cherokee District Court.*

MONDAY, JUNE 15.

THIS is a suit in equity. The plaintiff in his petition alleges that he is the owner in fee of the northwest fractional quarter of section six, township eighty-nine, range twenty-five; and that he obtained title by deed from D. D. Chase. That the defendant, Lancaster, about 1868, purchased the property from a party unknown to plaintiff, and had a quit claim deed made to one D. B. Johnson, who conveyed the same to Lancaster. That Lancaster employed counsel and had suit in equity brought against Chase, the then owner in the name of said Johnson; that the suit was brought in the Hamilton District Court, and by consent transferred to the Circuit Court of that county; that the whole question of title to the land was litigated and decided in that case, and Chase was adjudged the absolute owner of it; and that judgment was affirmed in the General Term Court, and afterwards in the Supreme Court. That the defendant, Charles A. Clark, was the attorney for the plaintiff and said Lancaster in that action, and each had full knowledge of the case and all its facts. That the plaintiff in this action, and his grantor have been in possession of said land for more than five years; that since the decision of the Supreme Court, the said Charles A. Clark and Frank Clark have entered upon

said land and attempted by force to obtain possession thereof for Lancaster; that plaintiff is about to make valuable improvements, etc., and the defendants threaten to institute proceedings before a Justice to obtain possession, etc.; that any interruption of his possession or trespass to the timber would work irreparable injury. He asks an injunction against such acts and for general relief.

The writ of injunction was issued and served on the defendants, the Clarks. On the next day the defendant, Lancaster, began proceedings for forcible entry, before a Justice, against this plaintiff's tenant, and his attorney, N. B. Hyatt. This fact was shown by supplemental petition, and a further injunction restraining said proceedings was issued and served. Afterwards the plaintiff, by amendment of his petition, averred that this action is to compel the defendants to abide the decision of the Supreme Court in the case referred to, and added a further prayer accordingly.

The defendant, Lancaster, made answer in denial, and also alleged further facts showing his title, and the manner he derived it, and that he had been in possession of the land, and was so at the time this suit was brought, and that the plaintiff and his attorney and tenant, had, by fraud and stealth, entered upon his possession at the time of bringing this action. He also denied that the Circuit Court of Hamilton county had any jurisdiction to render the decision in the equity case, triable by the first method, as was the case referred to by plaintiff; and that said judgment was null and void. The defendants, Charles A. Clark and Frank Clark, by a separate answer, aver that they do not, and never did claim any interest in the land, and all their acts have been as agents or attorneys for Lancaster, and so avowed at the time and so well known to plaintiff, and they ask to be discharged with costs. Upon these issues the cause was tried by the first method, and a judgment was rendered for plaintiff, adjudging that the former decree determined the rights of the parties to it, and also Lancaster's rights to the land in controversy; and also quieted the plaintiff's title and made the injunctions perpetual. The defendants appeal.

*Charles A. Clark*, attorney for appellants.

*N. B. Hyatt* and *J. M. Ellwood*, for appellee.

COLE, J.—The counsel for appellants insists that since the former action, by Johnson against Chase, was an equitable action triable and tried by the first method, the Circuit Court had no jurisdiction, and its judgment was therefore entirely inoperative for any purpose. But we do not determine this question, because the judgment of the District Court, in this case, must be affirmed upon another ground, and regardless of the question whether the former judgment was valid or not.

1. PLEADING: equity.

We have a statute, which was first embodied in Rev. 1860, § 3602, and which was amended by Ch. 167, § 34, of the Laws of 1870, and see now Code of 1873, § 3274, authorizing a person in possession of real property and claiming title thereto, to bring an action against any person or persons making adverse claims to such lands to quiet his title. While it is manifest that the pleader in this case did not frame the petition with a special reference to this statute, yet he has embodied in it the essential averments; and the general prayer for relief will entitle the plaintiff to such relief as the averments and proof will justify. The plaintiff introduced in evidence a tax title deed to D. D. Chase, regular in form, and a conveyance by him to the plaintiff. The defendant introduced the certificate of entry of the land to the patentee and a regular chain of conveyances down to himself. No defect in substance or form is shown against the tax deed. It was held in the case of *Johnson v. Chase*, 30 Iowa, 308, which is the case referred to in this plaintiff's petition, that the deed was sufficient to convey the title. In this state of case, nothing can be clearer than that the plaintiff, upon the real merits of the case, is entitled to the judgment quieting his title to the land. This is the relief the District Court granted; and although that court may have given an erroneous reason for its judgment, the Supreme Court will not disturb it. This case is triable here *de novo* and upon its merits.

Much stress, in argument, is laid upon the fact that plaintiff obtained an injunction against the prosecution by the defendant Lancaster, of his action for forcible entry and detainer. It is true that such an action can properly be enjoined only in cases where irreparable injury will result if the party is allowed to proceed; *Crawford v. Paine*, 19 Iowa, 172. In this case the plaintiff was in possession, in fact, when he brought his suit, and, as we have seen, he was the owner of the real property in fee, and hence entitled to the possession; had the right to bring his action, under the statute, to quiet his title. To avoid multiplicity of suits, he properly might join every other cause of controversy with the same party, respecting the same property. But we do not ground, entirely, our decision of this point upon the legal proposition just stated, but rather upon the further special facts of this case. The plaintiff and his grantor had held the paramount legal title to the real property for about five years. During this time the land in controversy was vacant, but the plaintiff's grantor had exercised the usual acts of ownership—he had it surveyed, the corners fixed, and guarded it from trespassers. A short time before this controversy arose, he had some logs cut on the land for the purpose of building a house; before a sufficient quantity therefor was cut the defendant, Lancaster, who is a non-resident, had, by his agents, procured a small board house to be built on the land. Before any one moved into it the plaintiff's attorney entered it, and claimed the right to occupy it; he locked it and left it to find his tenant; but on the same night, and before his tenant reached it, the defendant's tenant had broken the lock and moved into the house with his family. Two days thereafter plaintiff's attorney threatened to sue defendant's tenant, and turn him out; and the tenant, to avoid litigation and costs, left it, and received, as he left, the sum of seven dollars from the plaintiff's attorney to pay him for moving to and from it. Plaintiff's tenant then entered, and immediately this suit was commenced. It is very easy to see from these facts that the whole matter of actual possession had degenerated into the merest chicanery and sham, possible. The defendant, it is found, had no right to the

possession, since the absolute title was in plaintiff; and it requires no argument to demonstrate that his claimed possession was not *actual* possession or possession *in fact*, but simply a trespass. Under these circumstances, a court of equity will not hesitate to properly settle the whole controversy.

The defendants, Chas. A. Clark and Frank Clark, were acting only as the agents and attorneys for the defendant, Lancaster. This was well known to the plaintiff. They are not charged with fraud. Under this state of case, they were improperly made parties. No judgment could properly be rendered against them, even for costs. *Lyon v. Tevis et al.*, 8 Iowa, 79. The judgment against them for costs, etc., must be reversed. They are entitled to their costs in this court and in the court below. As to the defendant, Lancaster, the judgment is

