## DAWSON v. BUFORD ET AL.

1. **Attorney at Law**: ORDERING LEVY ACCORDING TO INSTRUCTIONS: LIABILITY.  Where an attorney, acting under the instructions of his client, orders the seizure of certain property under attachment, he is not bound to inquire, or to have any belief or suspicion, in regard to the ownership of the property; and he will not be liable to the owner of the property, if it does not belong to the attachment defendant.    (See opinion for authorities.)

*Appeal from Carroll Circuit Court.*

FRIDAY, OCTOBER 29.

ACTION to recover for the wrongful taking and conversion of a horse.    The case was dismissed as to B. D. Buford & Co., and prosecuted against the other defendant alone, and a judgment upon a verdict was rendered against him, from which he appeals to this court.

*Cole, McVey & Clark,* for appellant.

*Geo. W. Paine,* for appellee.

BECK, J.—I.    The case was tried upon an amended petition claiming to recover against Barber alone for the taking and conversion of the horse, the action being dismissed as to Buford & Co.    The defendant, in his answer, denies the alle-

gations of the petition, and as a defense pleads that he is an attorney at law, and that whatever connection he had with the taking of the horse was as an attorney for Buford & Co., and that the property was seized by the United States mar-: shall upon an attachment issued in a case brought by Buford & Co. against John B. Cook. The amount being less than $100, the case is sent here upon the following certificate, presenting for our determination the questions therein stated.

"(1) It is hereby certified that this case involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court, viz., whether an attorney at law, who represents the plaintiff in an attachment case, and who directs the levy of said writ upon certain property, must honestly believe that the property which he so directs the officer to levy upon is the property of the defendant in the attachment case. (2) Whether, if said attorney, under such circumstance, had a suspicion reasonably well grounded, he was authorized to direct said levy upon said property as the property of defendant in said attachment case. (3) Whether an attorney, under the circumstances, would be personally liable for the direction of a wrongful levy, unless he acted with malice, and unless he knew that the property levied upon was not the property of the attachment defendant. (4) Whether an attorney, under such circumstances, who has instructions from his client to levy upon the property of the attachment defendant, and whose client is a nonresident, would be personally liable for the value of property levied on, when he had directed such levy in pursuance of an honest suspicion that the property so directed to be levied upon was the property of the attachment defendant."

II. We think that an attorney who simply obeys instructions of his client, and in obedience thereto communicates directions for the seizure of property, is not liable therefor. He is simply the medium for the communication of his client's directions, and is required by his duty to make no inquiry in such a case as to the ownership of the property.

The client assumes the responsibility of determining such question. The party injured by the levy suffers nothing from the individual act of the attorney. His act was done in the capacity of an agent, and amounted to nothing more than the communication of the client's direction to the officer serving the process. We answer the fourth question negatively. In support of these views, see the following cases: *Lyon v. Tevis*, 8 Iowa, 79; *Paton v. Lancaster*, 38 Id., 494; *Hardy v. Keeler*, 56 Ill., 152; *Cook v. Hopper*, 23 Mich., 511; *Burnap v. Marsh*, 13 Ill., 535; *Schalk v. Kingsly*, 42 N. J. Law, 32; *Hunter v. Burtis*, 10 Wend., 358; *Ford v. Williams*, 13 N. Y., 577; S. C., 24 N. Y., 359.

We understand the record to show that the court below held in conflict with these views, and decided that the attorney must have some information or knowledge as to the ownership of the property in order to justify him in entertaining a belief or "honest suspicion" on that subject. We hold that, when instructed by his client to direct a levy, he is not liable, if he has neither belief nor "suspicion" on the subject, and that he is not liable even if he seeks no information which would warrant a belief or suspicion on the subject.

III. It will be observed that the second and third interrogatories are scarcely intelligible, if indeed, they can be understood at all, without supplying or changing their language. The first question asked for an announcement of a rule of law based upon *the honesty of belief*. We are not prepared to recognize a rule applicable to a thing so uncertain and so incapable of proof. We therefore decline to attempt an answer to the first, second and third questions.

The judgment of the circuit is court is

REVERSED.