CHARLES R. HUNTER, Appellee, v. AUGUST AMISH ET AL., Appellants.

Estates of decedents: CONVEYANCE OF REAL PROPERTY BY EXECUTORS.

1   Where the testator's will authorized the executors when dully qualified to convey real property, and after probate of the will and qualification they made a deed to the property and received the consideration therefor, the title thus conveyed was not affected by an unauthorized, void or voidable contract to convey the property to the same grantee, made before their appointment; especially where there was no objection made by one having a right to complain and no suggestion of fraud or that the land was not sold at its fair value.

Real property: QUIETING TITLE: PLEADING: PROOF: VARIANCE. In actions to quiet title the plaintiff need only allege that defendant claims some adverse interest; so that a petition alleging that defendant claimed under a judgment against one of the heirs to an estate, while the evidence showed that the claim was through another heir, did not constitute a failure of proof.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

SATURDAY, MARCH 14, 1914.

ACTION in equity to quiet title to land. Decree for plaintiff, and defendants appeal.—*Affirmed.*

*F. B. Kimball,* for appellants.

*W. J. Baldwin* and *S. K. Stevenson,* for appellee.

WEAVER, J.—The petition alleges that the plaintiff is the owner in fee of a certain described tract of land, having acquired the title thereto by purchase and proper deed of conveyance from the executors of the last will and testament of one Rosa Weber, who died seised thereof. It is further alleged that defendants make some claim to or lien upon the said lands, based upon a judgment rendered against one of the sons and heirs of the said Rosa Weber, but plaintiff avers that said judgment was not and is not a lien on said land or on any interest therein. He further says that, before beginning this proceeding he tendered to the defendants the sum of $1.25 and demanded from them the execution and delivery to him of a quitclaim deed of said land, but defendants refused to accept the tender or to execute or deliver the deed. A decree quieting the title in plaintiff and for the recovery of costs and attorney fees is prayed.

Answering the petition, defendants admit that Rosa Weber died seised of the property, and that she left a will, which was duly probated, but deny that the land was ever

conveyed to plaintiff by a valid deed. They also deny all
allegations of the petition, except as above admitted. De-
fendants also file a counterclaim, alleging that August Amish,
the husband of his co-defendant, is the owner in fee of a
one-eighth part of said land, and pray that such title may be
quieted in him.

There was a trial to the court upon the issues thus joined,
and decree entered dismissing the defendants' counterclaim,
and quieting the title to the entire tract in plaintiff. The will
of Rosa Weber was considered by this court in the case of
*Hunter v. Savings & Trust Co.*, 157 Iowa, 168, and the conclu-
sions there announced appear to control the disposition of
this appeal. It is claimed, however, that the record in this
case shows certain facts not appearing in the former case,
and should lead to a different result. The will in question,
as originally made, provided for the payment of a few small
legacies and the division of the residue of the estate among
her eight surviving children in equal shares. Thereafter she
executed a codicil to said instrument as follows:

I nominate and appoint my son, William Weber and A. B.
Frisbie, my son-in-law, to be the sole executors of this will and
my estate without bond and authorize and empower them to
sell my real estate and sign a deed therefor, as fully and com-
pletely as I myself could do. And said deed when so signed
shall convey all right, title and interest I have in any of my
real estate at the time of my death. And no bonds shall be
required for the sale of said real estate, property or other
purpose.

The testatrix died December 26, 1909. The will and
codicil were duly probated on April 16, 1910, and on the
same day the executors qualified under said appointment.
It appears, however, that on April 8, 1910, and before the
probate of the will and qualification of the executors, they
assumed authority to enter into an executory contract for a
sale of the land in question to plaintiff, the conveyance to be
made March 1, 1911, by executor's deed having the approval

of the court. On March 11, 1911, the executors conveyed the land to plaintiff substantially as was provided for by said contract, and received from him full payment of the agreed price. It further appears, though perhaps not strictly relevant to the questions presented, that Mrs. Weber left no personal assets, and that there were unsecured claims against her estate to the amount of about $400, and further indebtedness of $2,500 secured by mortgage on the land.

The principal contention of appellants in argument is that plaintiff failed to show title in himself, because the original contract between him and the executors was made before the probate of the will, and before the executors had any authority to act. It may be conceded that the preliminary contract was made without authority, and conferred no right on plaintiff which the court would enforce against the land or estate of the testatrix, but this concession does not necessarily avoid the conveyance thereafter made, or afford ground on which a defense may be planted against the right of plaintiff to a confirmation and establishment of his title. The will did confer upon the executors, when duly qualified, authority to convey the land, and to convey a title unincumbered and unclouded by the liens of judgments rendered against the heirs of the testatrix. This was determined by our decision in the prior appeal. The conveyance having been made, and consideration received by the executors in their trust capacity at a time when they were admittedly qualified and empowered so to do, it is not a material matter that, before their appointment, they made an unauthorized or void or voidable agreement to sell and convey to the same grantee. This is particularly true where no party or person having a right to complain appears to object, where no fraud is charged, and there is neither allegation nor suggestion that the land was not sold for its full and fair value. The defendant is a stranger to the transaction. His judgment, if he has one against an heir of the testatrix, and a sheriff's deed, if he

1. ESTATES OF DE-
CEDENTS : con-
veyance of real
property by ex-
ecutors.

has one based on said judgment, are alike unavailing to avoid the effect of a sale of the land by the executors, or to give him title to or lien upon such land in the hands of the purchaser. The law as applicable to this state of facts was sufficiently discussed in the case to which reference has already been made.

Counsel for appellants further insists that, because plaintiff's petition speaks of judgments against the heir, Frank Weber, and the testimony only revealed judgments against another heir, George Weber, there was a failure of evidence on which to base a decree quieting plaintiff's title. The mention of the name of a judgment debtor in the petition was wholly un necessary. It is sufficient in this class of cases for the plaintiff to allege that the defendant claims some adverse interest to or title in the land. Code, section 4224; *Paton v. Lancaster,* 38 Iowa, 494.

2. REAL PROPERTY: quieting title: pleading: proof: variance.

Moreover, the defendants by their counterclaim or cross-petition asserting title in themselves to a part of the land supplied all the proof needed that they were, in fact, making some claim inconsistent with plaintiff's claim of title, thus opening the door to the court for a full and exhaustive inquiry into the claims of ownership by the respective parties and the facts relied upon in their support.

The record discloses no defect in the title of plaintiff, and is barren of any showing of title in the defendant. The decree below is right, and it is—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.