# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1876.

PRESENT:

Hon. SAMUEL A. KINGMAN, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,

## THOMAS W. WATERSON, et al., v. FRANCIS KIRKWOOD.

1. FINDINGS; *Special; Request of Party.* Where the court makes a general finding of facts and of law covering all the issues presented by the pleadings, and then renders judgment upon such findings, and one of the parties then asks the court to find specially, but does not designate any particular question or issue upon which he desires the court to so find, and the court then makes special findings, *held,* that such party cannot take any advantage of any failure of the court to find specially upon some particular question or issue in the case.

2. CHANGE OF VENUE; *Discretion; Substantial Right.* The granting of a change of venue in a civil case, is, to a great extent, within the discretion of the trial court; and, where it does not appear that such discretion was abused, or that any substantial right of the objecting party was materially affected by the change, the supreme court will not reverse an order of the district court granting such change, although it may not appear that the district court was clearly bound to grant the change.

3. STATUTE OF LIMITATIONS; *Absence from State of Debtor.* P. mortgaged his land to K., and then, after an action had accrued on the mortgage, but before the same was barred by the statute of limitation, left the state and has never returned. Just before he left he transferred his interest in the land to W. W. and K. have remained in the state, and a sufficient time has elapsed to bar all action on

2—17 KAS.

Waterson v. Kirkwood.

the mortgage, provided P. had also remained in the state: *held,* that W. stands merely in the place of P., and therefore, as P. could not plead the statute of limitation in a suit on the mortgage, W. cannot.

### *Error from Nemaha District Court.*

THIS case was in this court in 1871, on error from Marshall district court, and is reported in 8 Kas. 463. The subsequent proceedings, and all the facts, are fully stated in the opinion, *infra.* The plaintiff below, *Kirkwood,* had judgment at the April Term 1874, and *Waterson* and *Edwards* bring the case here on error.

*Horton & Waggener,* for plaintiffs in error.

*Price & Heatley,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and mortgage brought by Francis Kirkwood against William H. Pearsoll and wife, and said Waterson and Edwards. The facts of the case seem to be substantially as follows: The note was executed July 28th 1860, by said Pearsoll to John Potter for $150, due in one year, with interest from date at the rate of twenty per cent. per annum. The mortgage was executed at the same time by Pearsoll and wife to Potter on the S.W. ¼ of sec. 9, township 4, range 6, in Marshall county, to secure the payment of the note, which mortgage was duly recorded 20th November 1860. During the same year Potter assigned said note and mortgage to said Kirkwood. On January 23d 1864, Pearsoll paid Kirkwood $2 on said note, for the purpose of postponing the operation of the statute of limitation thereon. On February 8th 1864, Pearsoll and wife conveyed by a quitclaim deed all their interest in and to said land to Thomas W. Waterson, one of the plaintiffs in error. R. R. Edwards, the other plaintiff in error, (who was also a defendant below,) claims under Waterson; and since February 8th 1864 the land has been in the possession of Waterson and his grantees, who have paid the

taxes assessed against it, and made improvements thereon. On May 25th 1864 Pearsoll and wife became non-residents of Kansas, and have never since been within the boundaries of the state. During all said time, however, all the other parties above mentioned have continuously resided in Kansas. On March 8th 1865, Waterson obtained a tax deed for said land. In March 1,864 Waterson purchased said land at sheriff's sale, and received a sheriff's deed therefor, which deed was duly recorded May 28th 1864. On August 30th 1872, Kirkwood commenced this action in the district court of Marshall county. He made Pearsoll and wife, and Waterson and Edwards, parties defendant to the action. He asked for a personal judgment against Pearsoll for the amount of said note, and interest, and that the land be sold for the purpose of paying such judgment. Service was obtained on Pearsoll and wife by publication, and on Waterson and Edwards personally. Waterson and Edwards answered, each filing a separate answer; Pearsoll and wife made default. Kirkwood replied to portions of Waterson's and Edwards' answers, but demurred to the 6th defense stated in Waterson's answer. This defense set up the statute of limitations. The court overruled Kirkwood's demurrer; and then, without rendering any judgment, or giving Kirkwood any leave to plead over, (but neither of these was asked for,) granted a change of venue on Kirkwood's application therefor to Nemaha county, which county is in another judicial district. After the case was taken to Nemaha county, the district court of that county permitted Kirkwood, upon certain terms and conditions, to file a reply denying generally all the allegations of the answers of both Waterson and Edwards; and the case was then continued till the next term of the court. At such next term the case was tried by the court without a jury; and the court made general findings of fact and of law upon the issues, as follows:

"And the court, after hearing the testimony and arguments of counsel, and being fully advised in the premises, does find the issues for the plaintiff, and does find that there is due the

plaintiff upon the note sued on in this action the sum of $562.98, and that the said lands and tenements mentioned in plaintiff's petition stand charged with the payment of the same."

The court then rendered judgment upon these findings in favor of the plaintiff below, and against Pearsoll for the said sum of $562.98, and costs, and ordered that the land be sold to satisfy said judgment; and then comes the following journal entry:

"And thereupon, at the request of defendants, the court reduced its findings of law and of fact to writing, and filed them in this case; to all of which findings of law and of fact, defendants duly excepted."

Among the papers in the case is found a paper containing certain special findings of fact and conclusions of law, signed by the judge of the court that tried the cause. We do not think that these special findings are in any particular inconsistent with the general findings, although it is possible that the special findings do not cover the entire ground, as the general findings do, and possibly do not decide every issue raised by the pleadings. But even if they do not decide every issue presented by the pleadings, still we do not think that the plaintiffs in error are in any proper condition to complain. After allowing the court to make general findings, covering all the issues, and to render judgment, if the plaintiffs in error then desired special findings, they should have designated specifically the questions or issues upon which they wished the court to find specially. And every question or issue which they did not so specifically designate and call the attention of the court to, should be considered as found against them. Under the circumstances of this case, we must consider every question and issue not covered by the special findings, if there is any such question or issue, as found against the plaintiffs in error.

1. Findings. Request for special findings.

The plaintiffs in error claim that the court below erred in granting such change of venue. We think the showing for the change was weak, and if the court below had refused to grant it its ruling would probably not have been considered

2. Change of venue. as material error. But the court below has a great deal of discretion in granting changes of venue in civil cases; and we cannot in this case say that the court below abused its discretion by granting the change. Besides, we cannot see from the record in this case that any substantial right of the plaintiffs in error was materially affected by the change. There was evidently no substantial error committed in allowing said reply to be filed. It probably raised no new issue. But even if it did, the court below did not err in permitting it to be filed.

We now come to the main question raised in this case, to-wit: Was the plaintiff's cause of action as against Waterson and Edwards barred by the statute of limitations at the time this action was commenced? The writer of this opinion is inclined to think, but with great doubts, that it was; but 3. Limitation of actions. Absence from state. the other justices of this court have overruled him. If the decision in the case of *Wood v. Goodfellow*, 43 Cal. 185, states the law correctly for Kansas, then the action was barred. A majority of this court think that that decision is not good law in Kansas. That is the only case, of which we have any knowledge, which will exactly apply to this case. We all agree that as to Pearsoll and wife, the action never was barred. The note became due July 28th 1861; and the action which then accrued thereon could not have been barred by any statute of limitations earlier than on July 28th 1864; (Laws of 1859, page 84, § 20.) But before that time a payment was made on the note, and Pearsoll and wife removed from the state. The payment was made on the note on January 23d 1864, before the note or mortgage was barred, while Pearsoll still owned the land, and before Waterson and Edwards ever had any interest therein. This payment on the note so postponed the running of the statute that the action on the note and mortgage could not under any circumstances have been barred prior to January 23d, 1867; (Laws of 1859, page 86, § 31.) But long before this time elapsed, even before July 28th

1864, and on May 25th 1864, Pearsoll and wife left the state, and have never returned. The statute of limitations therefore wholly ceased to operate as to Pearsoll and wife on May 25th 1864, (Laws of 1859, page 85, § 28,) a time when by no possibility could the action on the note and mortgage have been barred. The grounds upon which a majority of this court holds that Waterson and Edwards cannot plead the statute of limitations are as follows: Waterson and Edwards have merely succeeded to the rights of Pearsoll. They stand in his shoes. They have got just what he would have if he had not transferred his interest in the land to them. They have nothing more than he at any time had the right to transfer to them. The stream has not risen and cannot rise higher than the fountain, nor can they by their purchase of Pearsoll's interest in the land cast additional burdens and inconveniences upon the holder of the mortgage. And therefore, as Pearsoll has never obtained or had the right to plead the statute of limitations, his grantees, Waterson and Edwards, have no such right. It is unnecessary to state the argument on the other side. Taking this view of the question, the sixth defense of Waterson's answer stated no defense to Kirkwood's petition.

We have considered all the questions presented to us. The plaintiffs in error do not seem to claim that their sheriff's deed and tax deed raise any questions different from those which we have discussed. Hence we have said nothing about those deeds.

The judgment of the court below must be affirmed.

All the Justices concurring.