PICQUET *vs.* THE CITY COUNCIL OF AUGUSTA *et al.*

One who seeks by bill to set aside a sale of property under a tax exe-
cution against him, must show that he has some title to or interest
in the property. The allegations that he considered himself bound
to pay all legal taxes on the house and lot, and that it had been sold
under a tax execution issued against him by one defendant, and
purchased by the other at the sale, are not sufficient to prevent a
dismissal of the bill on demurrer.

BLECKLEY, Justice, dissented.

Equity. Pleadings. Taxes. Before Judge SNEAD. Rich-
mond Superior Court. April Term, 1879.

Picquet filed his bill against the City Council of Augusta
to enjoin the collection of certain municipal taxes for which
*fi. fas.* had been levied on a house and lot in the city of
Augusta, alleging various points of illegality not material
here. In the bill he alleged that "while not the owner of
any real estate, he has since the year 1861 considered him-
self bound to pay all just and lawful taxes, when legally
demanded, on the house and lot then, and since 1861, occu-
pied by your orator." Charging on the subject of over-
valuation in taxing, complainant stated that if the house
belonged to him "in fee simple," he would take $1,000.00
cash for it. The chancellor refused to grant a temporary
injunction. Subsequently complainant amended his bill by
striking out the words "while not the owner of any real
estate," and alleging that if the property belonged to him
"free from any incumbrances," etc., instead of "in fee sim-
ple." He also alleged that one Freeman has taken from
the city a transfer of the tax *fi. fas.*, had caused the prop-
erty to be sold under them, and himself became the pur-
chaser. Complainant sought to cancel this deed.

On demurrer, the chancellor dismissed the bill, and
complainant excepted.

A. D. PICQUET, by brief, for plaintiff in error.

WILLIAM GIBSON; J. C. C. BLACK, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, with a prayer for an injunction to restrain the collection of certain city tax *fi. fas.* which had been issued against him by the defendant, upon the allegations contained therein, and for other relief. The chancellor refused the injunction prayed for, and upon demurrer to the complainant's bill dismissed it. Whereupon the complainant excepted.

The main object of the complainant's bill as amended is to set aside the sale of a certain described house and lot in the city of Augusta, which had been levied on and sold under certain city tax *fi. fas.* issued against him, as his property, for the reasons alleged therein. When the complainant filed his original bill, he alleged that he was not the owner of any real estate, but considered himself bound to pay all just and lawful taxes on the house and lot in question. Afterwards, when the bill was demurred to, the complainant amended it by striking out the words " while not the owner of any real estate," so that the bill is now to be considered with these words stricken out, but there is no allegation in his bill that he ever was the *owner* of the house and lot which was sold for taxes, or that he had any interest whatever in the same either legal or equitable. It is a fundamental principle that a court of equity will not entertain a bill in favor of a party who shows no title or interest in the subject matter for which he seeks relief. Story's Equity Pleadings, sections 260, 261, 262. But it is insisted that inasmuch as the defendant issued the tax *fi. fas.* against the complainant for taxes due by him, and levied the same on the house and lot in question, and sold it as his property, the defendant, as well as the purchaser at the sale thereof, would be estopped from denying that it was his property; that might be so if the complainant had

alleged in his bill any interest in the property either legal or equitable, which would have authorized a court of equity to entertain it for his relief. The first thing for the complainant to have done was to allege such an interest in the property as would entitle him to relief in respect to that property; in other words, to have shown by his bill such an interest in the property as would entitle him to enter the court for relief and thus having legitimately got into court, he would then have been in a position to raise the question of estoppel, if the defendant had attempted to show he had no title to the property. But he fails to show such an interest in the property, the subject matter of relief, either legal or equitable, as would entitle him to enter into the court for obtaining the relief which he seeks by his bill. If the complainant had no interest in the property sold for taxes, and if he has alleged none, it is difficult to perceive how he has been injured by the sale of it.

Besides, the complainant did not offer to pay the taxes admitted to be legally due. There was no error in sustaining the demurrer to the complainant's bill.

Let the judgment of the court below be affirmed.

JACKSON, Justice, concurring.

This bill put in issue the validity of several hundred thousand dollars of bonds of the city of Augusta, and attacked the system of municipal taxation generally, as well as for the purpose of paying these bonds. Before any person will be heard by a court of equity on matters of so much gravity, he must show that he has some interest in those matters, and that he is not a mere amateur complainant. In his sworn bill this complainant first alleged that he *was not the owner of the real estate* about which he was complaining on account of its rate of taxation, and when the bill in this condition was demurred to, he amended by striking out the allegation that "he was not the owner," but he inserted no sort of interest in the house and lot in lieu of the words stricken. Whereupon the court, on demurrer to the bill as amended, dismissed it.

I think that the court did just what ought to have been done. Equity will interfere with reluctance in governmental matters, either state or municipal, even at the instance of one who is the owner of property and entitled to be heard because his property is taxable; it will not interfere at all at the prayer of one who comes with the acknowledgment that he does not own taxable property, and therefore seeks, as a sort of *amicus civitatis*, to have city matters managed according to his ideas of law.

The city of Augusta wishes to pay the bonds it owes on account of its great canal, and which those bonds built, and certainly nobody but a tax-payer who has property therein should be heard to counsel the repudiation of such a debt. Equity, therefore, will not hear the complainant, and I concur in affirming the judgment of the superior court.

BLECKLEY, Justice, dissenting.

I dissent from the ground upon which the court disposes of this case. The matter under review is the sustaining of the demurrer to the complainant's bill. I think that this court should go on and decide upon the merits of the bill, treating the allegation of the title in the complainant as sufficient. These parties defendant stand committed to the ownership of this property by the complainant, for the city council has issued execution against him for taxes, and the property has been levied upon as his property for taxes, and the other defendant in the bill has purchased it at the tax sale. These facts appear upon the face of the bill, and in my judgment afford complainant a presumptive case of title upon which he has a standing in court.

Without invoking the technical doctrine of estoppel, the allegations in the bill may be regarded as *prima facie* sufficient to enable the complainant to proceed to a hearing. I am quite confident that if this suit was anywhere else, in a contest with these parties that the mere showing that they held under this complainant would be sufficient evidence of title in him, and I do not see why it would not be sufficient

in a court of equity. The allegations in the bill might
have been more specific, perhaps ought to have been, but I
do not think a party ought to be expelled from court be-
cause he did not more particularly allege what the defend-
ants must have conceded in order to hold the property
against him.

I do not know that if the merits of the case were con-
sidered I would vote for a reversal of the judgment, but
my dissent is based on the ground that, in my view of the
bill, this court ought to go on and pronounce judgment on
the matters of complaint that the bill makes against all the
defendants.