GEORGE ORDWAY v. JOSEPH N. COWLES *et al.*

1. DEMURRER *to Reply Containing a General Denial.* Where a reply contains a general denial and that certain tax deeds are void, and a demurrer is interposed to it, on the ground that the facts stated therein do not constitute a defense to the matters set forth in the answer, and the demurrer is not directed against the latter defense, it is not error to overrule the same.

2. INTERPLEA *to Quiet Title — Burden of Proof.* Where, in a suit to foreclose a mortgage, a party asks to interplead, and sets up title by virtue of certain tax deeds, and alleges ownership and possession under such deeds, and asks that the title be quieted in him, it is not substantial error for the trial court to hold that the burden is upon the party asking relief under the tax deeds.

3. STATUTE OF LIMITATIONS — *Pleading.* The plea of the statute of limitations cannot be interposed by the holder of a tax title, to a note and mortgage not barred at the commencement of the action against the original mortgagor.

4. QUIETING TITLE — *Pleading.* When the plaintiffs in a foreclosure suit attack certain tax deeds, set up by a party interpleading in the case, and ask that their title be quieted as against such tax deeds, they should show some title in the mortgagor, to entitle them to a judgment and decree.

*Error from Greenwood District Court.*

THE opinion states the case.

*R. P. Kelley,* for plaintiff in error.

*John Marshall,* for defendants in error.

Opinion by GREEN, C.: This was an action begun in the district court of Greenwood county, by Cowles & Eldridge against E. O. Walton, to foreclose a mortgage. The coupon notes and mortgage were executed on the 1st day of January, 1880, and matured in three years. This action was commenced on the 14th day of October, 1887; service was made upon Walton by publication; on the 5th day of January, 1888, George Ordway, the plaintiff in error, asked to be made a party to the suit, and leave was granted, and, on the 27th of the same month he filed his answer, setting forth — first, a

general denial; second, his ownership and possession of the land described in the mortgage, and that such ownership was by virtue of tax deeds duly executed; and third, the statute of limitations; that more than five years had elapsed from the time the notes and mortgage became due to the beginning of the action, and asked that his title be quieted against the mortgage in suit. To this answer the plaintiffs below replied by a general denial, and that the tax deeds were void, and asked to have title quieted against them. To this reply Ordway demurred; his demurrer was overruled. When the cause came on for trial the court held that the burden of proof was upon Ordway, to which he excepted. Upon the issues joined, a trial was had, and on May 31, 1888, a judgment and decree of foreclosure rendered in favor of Cowles & Eldridge. The court found that the tax deeds of Ordway were invalid, and gave judgment for the amount of his taxes and costs, and that the same should be first paid out of the proceeds of the sale of the mortgaged premises, and, upon the payment of such sums, the title was to be quieted. To this judgment and decree Ordway excepted and brings the case here, assigning error.

I. The first claim made is, that the court committed error in overruling his demurrer to the reply of the plaintiffs below. This was not error. The reply contained a general denial, and alleged that the tax deeds were void, because no notice of the tax sale of 1881 was published by the county treasurer, as required by law. These allegations constituted proper defenses and the demurrer was properly overruled. (*Flint v. Dulany*, 37 Kas. 332.)

II. It is next claimed that the court erred in holding that the burden was upon plaintiff in error. A reference to the answer will show that he alleged that he was the legal and equitable owner of the land, and also in possession thereof, and that his ownership was by virtue of certain tax deeds duly executed by the county clerk of Greenwood county. The deeds were not set out in full, or made a part of the

answer.   Under the state of the pleadings, there was no sub-
stantial error in the ruling of the trial court which cast the
burden upon the plaintiff in error.

III. The plaintiff in error insists that the note and mort-
gage of the plaintiffs below were barred by the statute; that
the notes became due January 1, 1883, and that the five years
had completely run before he filed his answer.   The suit was
commenced on the 14th day of October, 1887, and the five
years had not elapsed; besides, we do not think that Ordway
can avail himself of the statute of limitations.   He claims
under a distinct and independent title, in no way derived
from the mortgagor.   Generally, the plea of the statute of
limitations is a personal privilege, and a third party cannot
interpose the defense. ( *Baldwin v. Boyd,* 18 Neb. 444;  Wood,
Lim., 1st ed., § 41;  10 Am. & Eng. Encyc. of Law, p. 710;
7 Wait, Act. & Def., p. 236; *Watson v. Kirkwood,* 17 Kas. 9.)

Walton, the maker of the notes and mortgage, could not
successfully plead the statute of limitations, and we do not
see by what process of reasoning we could reach the conclu-
sion that Ordway could, even if he had succeeded to the right
to the land in question through Walton, which he did not;
he certainly could obtain no greater right than Walton had.
We think the statute can only be set up by Walton, or some
one holding under him, and when it is not available for Wal-
ton, no other person can take advantage of it.   It necessarily
follows that because Walton never had the right, no other
person could avail himself of such right.

IV. The final error assigned is, that no decree of fore-
closure should have been entered until the plaintiffs below
showed title in the mortgagor.   It seems evidence was offered
in regard to the title to the mortgaged premises, but did not
extend beyond the title from the government to the patentees;
no conveyances were admitted in evidence to prove title in
Walton, the mortgagor.   An examination of the record dis-
closes the fact that the record of certain deeds was offered,
but not admitted, for the reason that the proper foundation

Bittman v. Mize.

had not been laid.   The interplea of Ordway raised the question of title to the land described in the mortgage.   The tax deeds of Ordway were attacked by the plaintiffs below, and they asked to have the title to the mortgaged premises quieted in them against Ordway; and we think from the nature of the issues made by the pleadings, that the plaintiffs below should have shown title in the mortgagor, before they were entitled to a decree.   It is fundamental that a person attacking a tax deed must show some title to the land in question. (*Picquet v. City of Augusta*, 64 Ga. 254: 2 Desty, Tax. 904.)

Again, the title to the mortgaged premises being in controversy, and the plaintiffs asking that the cloud of the tax title might be removed, they should recover on the strength of their own title; and, under the circumstances of this case, we think the chain should have been complete in the mortgagor.   A person should have a reasonably clear title, to maintain an action to have a cloud upon his title removed. He must proceed upon the strength of his own title, and not the weakness of his adversary.   The real question is, who has the paramount right to the property. (*Simpson v. Boring*, 16 Kas. 248; *Lawrence v. Zimpleman*, 37 Ark. 643; *Hurley v. Street*, 29 Iowa, 429; *Stephenson v. Wilson*, 50 Wis. 95.)

For the failure of the plaintiffs below to show title in the mortgagor, we recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.