McLane v. Allison.

---

John McLane, *Administrator of the Estate of C. S. Averill, deceased,* v. Samuel T. Allison *et al.** .

No. 285.

1. Covenant of Warranty—*Restriction upon.* A covenant of warranty in a deed of real estate is not restricted by an exception in a preceding covenant against incumbrances.

2. Statute of Limitations—*Note and Mortgage.* A mortgage given to secure the payment of a promissory note is a mere incident at all times. When the note is barred by the statute of limitations the mortgage is barred. There exists on such mortgage no cause of action independent of the indebtedness.

Error from Clay district court; R. B. Spilman, judge. Opinion filed May 6, 1898. Affirmed.

*Garver & Larimer,* for plaintiff in error.

*F. L. Williams,* and *Dawes & Harkness,* for defendant in error.

The opinion of the court was delivered by

McElroy, J. : This case was submitted to the court upon the following statement of facts :

"The mortgage sued on in this action was made by Samuel T. Allison and wife on the 1st day of November, 1883, due five years after date, with twelve per cent. interest after maturity. Before maturity of the mortgage, Allison and wife conveyed the property to Sarah A. Anderson by a deed of general warranty,

---

* Reversed in supreme court, April 8, 1899. See 60th Kan. Rep.

subject to the mortgage which the plaintiff sues on, to the extent only as shown by Exhibit 'B' hereinafter set forth, but the payment of which was not assumed by Sarah A. Anderson by any specific contract. Subsequently Sarah A. Anderson made to the Phœnix Loan and Building Association a second mortgage, which is the same set out now in the answer of the Phœnix Loan and Building Association in this case. This also was subject to the original mortgage now owned by the plaintiff to the extent only as shown in exhibit 'A' hereinafter set forth. Sarah A. Anderson continued to pay interest on the first mortgage, now belonging to the plaintiff, and the assessments, taxes and other liabilities under her contract with the Phœnix Loan and Building Association, up to the fall of 1894, at which time, having removed from the state, and having become in default in the payment of interest on the first mortgage, and also in the payments that were due under her contract with the Phœnix Loan and Building Association, she made a deed of conveyance of the property in question to William Docking, who was then the secretary and managing agent of the Phœnix Loan and Building Association.

"And it is admitted as a part of the facts in this case that the amounts in the various mortgages are as alleged in the pleadings. The only claim is as to whether or not plaintiff's claim as against the Phœnix Loan and Building Association, or against William Docking, is barred by the statute of limitations. Sarah A. Anderson did not assume the payment of plaintiff's mortgage, which was made before she purchased the property, and plaintiff's mortgage became due November 1, 1888. Sarah A. Anderson paid the interest on plaintiff's mortgage up to November 13, 1894. November 13, 1894, Sarah A. Anderson deeded the property by deed offered in evidence in this case. William Docking was then secretary and managing agent of the Phœnix Loan and Building Association, and, in taking the deed, he was acting for the Phœnix Loan and Building Association, and had no personal interest in the said property except as he held the

naked legal title in trust for the loan and building
association. All rents thereafter collected were col-
lected for and received by the Phœnix Loan and Build-
ing Association. The Phœnix Loan and Building
Association made payment of one semiannual instal-
ment of interest on plaintiff's mortgage after taking
the deed. It is conceded in this case that the action
is barred against Samuel T. Allison and wife, the orig-
inal makers of the note, so far as liability upon the
notes is concerned, and that there exists no personal
liability against any of the defendants or against
Sarah A. Anderson upon which a personal judgment
could be obtained, on the cause of action sued on in
this case. The deed referred to in the statement just
made, which is the deed from Sarah A. Anderson to
William Docking, as secretary, was considered in evi-
dence, and is as follows, to wit:

"[ Then follows a copy of a warranty deed from Sarah A. Anderson
(single) to William Docking for the lot in question, in the usual
Kansas form, except that the covenants of title and warranty are as
follows: 'And the said party of the first part does hereby covenant
and agree that at the delivery hereof she is the lawful owner of the
premises above granted, and seized of a good and indefeasible estate
of inheritance therein, free and clear of all incumbrances, except
mortgages and taxes, and that she will warrant and defend the same
in the quiet and peaceable possession of the said party of the second
part, his heirs and assigns, forever, against all persons lawfully claim-
ing the same.']

"At the time of the execution of the deed offered in
evidence, the only mortgages existing against the
property in question were that sued on by the plain-
tiff in this case and that set up in the answer of the
defendant the Phœnix Loan and Building Associa-
tion. The deed from Samuel T. Allison and wife to
Sarah A. Anderson was considered in evidence, and is
as follows, to wit:

"[ Here is set out a copy of a deed from Samuel T. Allison and
wife to Sarah A. Anderson for the real estate in controversy, in the
usual Kansas form, except that the covenants of the title and war-
ranty are as follows: 'And the said parties of the first part do here-
by covenant and agree that at the delivery hereof they are the lawful
owners of the premises above granted and seized of a good and inde-
feasible estate of inheritance therein, free and clear of all incum-
brances, except a mortgage of $500 and its commission mortgage,
and that they will warrant and defend the same in the quiet and
peaceable possession of the said party of the second part, her heirs
and assigns, forever, against all persons lawfully claiming the same.']"

The court found for the defendants and rendered judgment against the plaintiff for costs. The decision of the court was based solely upon the ground that the demand sued on was barred by the statute of limitations as to all the defendants and as to the mortgaged premises.

The first question presented is upon the construction of the deeds in question. Did the grantees take the lands subject to the lien of the mortgage, or did the grantors warrant the title thereto as against the mortgage? It is substantially admitted that the purchasers did not assume the payment of the indebtedness, nor take the lands subject to the mortgage liens, unless that is the legal effect of the deed.

A restriction in one covenant of a deed has by reason of that fact no effect on an independent covenant in the same deed. A covenant of warranty is not restricted by an exception in a preceding covenant against incumbrances. (*Bennett v. Keehn*, 30 N. W. Rep. [Wis.] 112; *Sandwich Mfg. Co. v. Zellmer*, 51 N. W. Rep. [Minn.] 379; *Welbon v. Welbon*, 67 N. W. Rep. [Mich.] 338.)

These decisions are in harmony with sound principles of construction. There is no evidence of the intention of the parties except as it can be inferred from the language used in the deed. The grantee took the land free from the mortgage lien, as between the parties, as fully as if such had been the expressed contract. In the case at bar it is admitted that the note was barred as to the parties thereto. The plaintiff in error, however, contends that the payment of interest made by the owners of the mortgaged premises prevents the bar of the statute of limitations so far as the mortgage lien on the land is concerned. This is the only remaining question in the case.

We are cited by plaintiff in error to the following authorities in support of the contention that a payment by the grantee suspends the running of the statute of limitations as to the lien of the mortgage : *Mordock v. Waterman,* 145 N. Y. 55 ( 39 N. E. Rep. 829) ; *Longstreet v. Brown,* 37 Atl. Rep. (N. J.) 56 ; *Ætna Life Ins. Co. v. McNeeley,* 46 N. E. Rep. ( Ill.) 1130 ; *Ames v. Mannering,* 26 Beav. ( Eng.) 583 ; 2 Jones on Mortgages, §§ 1198, 1199. These authorities furnish but little assistance in determining the question before the court. In this state the common-law attributes of a mortgage have been wholly set aside by statute, and the ancient theories demolished. Statutes of limitation are now regarded, not as statutes of presumption, but as statutes of repose. Arguments drawn from old theories count but little in the consideration of questions arising under our statutes. ( *Chick et al. v. Willetts,* 2 Kan. 384 ; *Sibert v. Wilder,* 16 Kan. 176.)

In *Waterson v. Kirkwood,* 17 Kan. 9, the grantee owned the land a sufficient time without in any manner recognizing the mortgage lien to bar all actions thereon. The court held that the absence of the mortgagor from the state prevented the statute of limitations from running in his favor ; that the grantee could have no greater rights than the mortgagor, and hence, such statute did not run in favor of the grantee ; that the grantee of the mortgagor stood merely in the place of the mortgagor. The court says :

" They stand in his shoes. They have got just what he would have if he had not transferred his interest in the land to them. They have nothing more than he at any time had the right to transfer to them. The stream has not risen and cannot rise higher than the fountain, nor can they by their purchase of Pearsoll's interest in the land cast additional burdens and inconveniences upon the holder of the mortgage. And

McLane v. Allison.

therefore, as Pearsoll had never obtained or had the right to plead the statute of limitations, his grantees, Waterson and Edwards, have no such right."

Payment suspends the running of the statute of limitations only as against the party making the payment. (*Steele v. Souder*, 20 Kan. 42.) Where a promissory note is secured by a mortgage upon real estate, as soon as the note is barred by the statute of limitations the mortgage is barred. (*Schmucker v. Sibert*, 18 Kan. 104.)

It is conceded that the action is barred against the makers of the note ; that no personal liability exists against any of the defendants for the payment of the demand sued on.    It seems that the logical conclusion is, that when the indebtedness ceases to exist from any cause the mortgage has no further existence ; that the mortgage is a mere incident at all times ; that when the note is paid the mortgage is paid ; that when the note is barred by the statute of limitations the mortgage is barred ; that payments made on the mortgage indebtedness suspend the running of the statute of limitations only against the party making the payment ; and that the mortgage can have no force and effect independent of the debt which it secures.

The demand on which the action is founded not having any legal existence, there can be no foreclosure.    The judgment of the trial court must be affirmed.

MAHAN, P. J., concurring.

WELLS, J. ( dissenting ) :  I am of the opinion that a payment made upon the mortgage indebtedness by the owner of the mortgaged premises is a payment made by a party in interest and suspends the running of the statute of limitations upon both the note and mortgage as to the party making said payment and the mortgaged premises owned by him.