THE LINCOLN MORTGAGE AND TRUST COMPANY v.
E. E. PARKER *et al.*
No. 12,818. (70 Pac. 892.)

SYLLABUS BY THE COURT.

MORTGAGE—*Foreclosure—Pleading—Limitation of Actions.* In a foreclosure suit commenced more than five years after the note and mortgage had matured, the mortgagors were made parties defendant, and also a trust company. The petition alleged that the trust company "is or claims to be the owner of the fee-simple title to the real estate herein described, or has or claims to have an interest in or lien upon said mortgaged premises, the exact nature of which is to this plaintiff unknown, but plaintiff alleges that the said title, estate, lien or interest of the defendant, . . . whatever the same may be, is subsequent, inferior and junior to the mortgage lien of this plaintiff." *Held,* that a demurrer to the petition by the trust company, on the ground that the action was barred by the statute of limitations, was properly overruled.

Error from Clark district court; E. H. MADISON, judge. Opinion filed December 6, 1902. Affirmed.

*Valentine, Godard & Valentine,* for plaintiff in error.
*F. C. Price,* for defendant in error E. E. Parker.

The opinion of the court was delivered by

SMITH, J.: This was a suit in foreclosure. E. E. Parker, plaintiff below, filed his petition against William Cook, Sarah J. Cook, and the Lincoln Mortgage and Trust Company, alleging that the individual parties named above executed and delivered to the Lincoln Mortgage and Trust Company their note in the sum of $900, together with a mortgage on certain of their real estate, to secure payment of the same; that the trust company assigned the note and mortgage to one Roberts, who was the plaintiff's assignor.

Against the trust company the following allegation was made in the petition:

"The plaintiff further alleges that the defendant the Lincoln Mortgage and Trust Company is a corporation duly organized, existing and doing business under the laws of the state of Kansas, and that said the Lincoln Mortgage and Trust Company is or claims to be the owner of the fee-simple title to real estate herein described, or has or claims to have an interest in or lien upon said mortgaged premises, the exact nature of which is to this plaintiff unknown, but plaintiff alleges that the said title, estate, lien or interest of the defendant the Lincoln Mortgage and Trust Company, whatever the same may be, is subsequent, inferior and junior to the mortgage lien of this plaintiff."

The suit was commenced in 1900, and the petition showed that nothing of the principal or interest had been paid within ten years before the action was brought. William and Sarah J. Cook, the makers of the note and mortgage, did not plead in the case but were in default. The Lincoln Mortgage and Trust Company filed a general demurrer to the petition, which was overruled. Electing to stand on its claim of right to have the demurrer sustained, a decree was entered foreclosing the mortgage. It has come here, presenting the one question—that of limitation.

The question is whether, without disclosing its interest in the mortgaged real estate, the trust company was in a position to object that the action was barred by limitation. The nature of the claim of the trust company, or its interest in the property, nowise appeared in the petition. In *Ordway v. Cowles*, 45 Kan. 447, 449, 25 Pac. 862, a holder of a tax deed on mortgaged land sought to interpose, in a foreclosure suit

involving the property, that the mortgage was barred
by limitation as against the makers.   The court said :

"The plaintiff in error insists that the note and
mortgage of the plaintiffs below were barred by the
statute ; that the notes became due January 1, 1883,
and that the five years had completely run before he
filed his answer.   The suit was commenced on the
14th day of October, 1887, and the five years had not
elapsed ; besides, we do not think that Ordway can
avail himself of the statute of limitations.   He claims
under a distinct and independent title, in no way de-
rived from the mortgagor.   Generally, the plea of the
statute of limitations is a personal privilege, and a
third party cannot interpose the defense.   (*Baldwin v.
Boyd*, 18 Neb. 444, 25 N. W. 580 ; Wood, Lim., 1st
ed., § 41 ; 10 A. & E. Encycl. of L. 710 ; 7 Wait,
Act. & Def. 236 ; *Waterson v. Kirkwood*, 17 Kan. 9.)"

Under the rule stated, if the trust company had
answered, setting up a title not derived from or
through the mortgagors, it could not avail itself of
the fact that the statute of limitations had barred the
right of action against the makers of the mortgage.
The proposition presented has received attention in
courts of other states and in the federal courts.   In
*Corbey v. Rogers*, 152 Ind. 169, 170, 52 N. E. 748, the
allegations in the complaint read : "The defendant
Corbey claims to have some interest in said estate,
but if he has any interest it is subject to plaintiff's
mortgage lien, and said defendant, therefore, is made
a defendant to answer as to his interest so claimed."
It was held that, without a disclosure showing his in-
terest in the property, the defendant could not plead
the statute of limitations.   See, also, *Board v. First
Presbyterian Church*, 19 Wash. 455.

In *Blair v. Silver Peak Mines*, 84 Fed. 737, it was
held that one who is made defendant in a foreclosure
suit merely because he claims some interest in the

mortgaged property, without any allegation in the bill that he owes any part of the debt, or is in possession of any part of the property, or has any legal title thereto, cannot by demurrer set up the defense of the statute of limitations. In the case at bar, the trust company might have satisfied the demands of the petition by disclaiming any interest in the property. A party disclaiming would certainly not be in a position to interpose an objection that the plaintiff's demand was barred.

Counsel for defendant in error rest their right to demur on section 18 of the code, which provides that actions like this "can only be brought" within five years "after the cause of action shall have accrued." The language of the statute does not help the defendant in error, so long as it has not shown itself to be situated in a position to raise the question of limitation. It did not show that it was in privity with the mortgagors. (Wood, Lim. [3d ed.] § 41.)

The judgment will be affirmed.

All the Justices concurring.