THE BANK OF COMMERCE v. GEORGE SCHLEGEL *et al.*

No. 12,549. (72 Pac. 210.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Pleading*—*Burden of Proof.* In an action against the maker of a promissory note, where the petition alleges the execution of the note, its indorsement in blank and transfer to plaintiff, and the answer consists of a verified general denial united with various affirmative defenses, and includes the allegation that the note was transferred to plaintiff by payee without consideration, and to defraud defendant, the execution of the note being admitted and the reply being a general denial, the burden of proof is on the defendant.

Error from Rush district court; J. E. ANDREWS, judge. Opinion filed April 11, 1903. Reversed.

*S. I. Hale,* and *H. Fierce,* for plaintiff in error.

*H. L. Anderson,* and *W. H. Russell,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: The Bank of Commerce of Evansville, Indiana, sued George Schlegel on a promissory note executed by him to the Heilman Machine Works. The petition alleged the corporate existence of plaintiff, the execution of the note, its indorsement in blank and transfer to plaintiff. The answer, in addition to a verified general denial (the execution of the note being specifically admitted), alleged that the note sued on was one of three given by defendant for the purchase of machinery sold under a written contract providing that if it failed to meet certain conditions the buyer might return it; that the conditions were not met and an offer was made to return the machinery, whereupon a new agreement was made releasing de-

fendant from the payment of this note ; that defendant was damaged by the failure of the machinery to do its work. It also alleged that the note "was transferred to plaintiff without consideration and for the purpose of cheating, wronging and defrauding this defendant." Plaintiff replied with a general denial. Before the trial defendant formally admitted plaintiff's corporate existence. Under this state of the pleadings the question arose as to which party had the burden of proof. The court held that the burden was on plaintiff, conducted the trial on that theory, and, upon the completion of the evidence, so instructed the jury. This the plaintiff, a verdict having been returned against it, now assigns as error.

To uphold the judgment the defendant in error relies on the authority of *Savings Association v. Barber*, 35 Kan. 488, 11 Pac. 330. The facts of that case are similar to those of the case under consideration, but the rule there announced does not sustain the decision of the trial court. The syllabus reads :

"In an action brought to recover upon a promissory note payable to order, by a party claiming to be the indorsee, the answer admitted the execution of the note, but denied the written indorsement thereon, by affidavit duly verified ; it admitted, however, that the note had been transferred to the plaintiff, and the defense was that the transfer was made after maturity, and that there had been a total failure of consideration for the note. *Held*, the plaintiff is entitled to judgment as being the holder and in possession of the note, unless the defense of the failure of consideration is established ; but *held further,* the plaintiff is not protected as a *bona fide* holder of the note so as to cut off the equities of the maker, in the absence of proof of the execution of the written indorsement denied under oath."

It is true that in that case the plaintiff introduced.

the note in evidence to show possession of it, and this fact is mentioned in the syllabus and opinion, but, as the showing of possession had no purpose except to establish the transfer of the note to plaintiff, and as such transfer was expressly admitted in the answer, it was unimportant, and did not affect the decision of the case.   In the present case the full language of the answer in this regard is :

"Defendant admits the execution of the note sued on in this action, but denies that the said note was sold and transferred to plaintiff before the same became due, but that on the contrary the Heilman Machine Works, the original payee of the said note, was the owner of the same at the time of its maturity, and that the same was tranferred to plaintiff without consideration and for the purpose of cheating, wronging and defrauding this defendant."

As plaintiff did not assert any rights as an innocent purchaser and did not claim to have purchased the note before maturity, the allegation of its indorsement was immaterial and it was not necessary for plaintiff to prove it in order to establish its right to recover. In order to cut off defenses that might be made against the original holder, such as the failure of consideration, the plaintiff would have been required to show title to the note by indorsement, but to enable it to maintain an action subject to all the defenses that might be urged against the payee a transfer without any writing whatever was sufficient.   As such transfer was admitted, there remained nothing for plaintiff to prove in the first instance in order to entitle him to a judgment.   As the pleadings stood, if no evidence had been introduced, the judgment must have been for plaintiff.   The rulings of the trial court placing the burden of proof upon the plaintiff when it properly rested upon the defendant constituted ma-

terial error. ( *Sparks v. Sparks*, 51 Kan. 195, 32 Pac. 892.)

There are various other errors assigned relating to the admission of evidence, but as the same questions may not arise in a subsequent trial we deem it unnecessary to pass on them.

The judgment of the district court is reversed and the cause remanded for a new trial.

All the Justices concurring.