Bare v. Ford.

74    593
75    208

74    593
77    459

J. O. BARE *et ux.* v. J. C. FORD.

No. 14,694. (87 Pac. 731.)

SYLLABUS BY THE COURT.

PETITION—*Suit upon a Lost Note—Allegations and Proof.* In an action to recover on a promissory note, a copy of which is set forth in the petition, proof of loss of the note and of its execution and contents may be received, although no mention of the loss is made in the petition.

Error from Clark district court; EDWARD H. MADISON, judge. Opinion filed November 10, 1906. Affirmed.

38—74 KAN.

*H. J. Bone,* and *D. R. Hite,* for plaintiffs in error.

*Francis C. Price,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit to foreclose a mortgage. On December 1, 1887, C. J. McCray and wife gave a promissory note for $800 to Samuel G. Miller, due five years after date, and to secure its payment executed a mortgage on a quarter-section of land in Clark county. On June 30, 1902, C. W. Carson purchased the note and mortgage for his sister, J. C. Ford, as a gift, taking a written assignment of each directly to her. The mortgage was delivered with the assignment, but there was no manual delivery of the note, as it appears to have been lost. Carson placed the mortgage and assignments in the hands of Ford's attorney for foreclosure, but she was not aware that she had become the owner of the instruments until after the suit was brought, and upon learning of the gift and action she prosecuted the proceeding to a conclusion. The petition was in the ordinary form for foreclosure, alleging the execution of the note, the sale and indorsement of the same from Miller to Ford before maturity, and a copy of it, with the assignment, was set forth. Default was made by the McCrays on the note, but J. O. Bare and wife, who had also been named as defendants, answered with a general denial, and, further, that the plaintiff was not the real party in interest; that the cause of action was barred by the statute of limitations; and that they had acquired the land by a tax deed executed by the county of Clark. Ford replied, denying generally the allegations of the answer, and also stating that the tax deed to Bare was void because of several defects in the tax proceedings. On the issues so formed the jury found in favor of the plaintiff, and the mortgage was adjudged to be a valid lien on the land, the defendants' tax deed was held to be illegal and set aside, but the tax paid by the Bares, with the

accumulated interest, was declared to be a lien upon the land.

The Bares complain, and insist that the evidence was insufficient to establish a cause of action against them, and that the demurrer to the evidence should have been sustained.

The claim of insufficiency is based mainly on the fact that the plaintiff pleaded that she was the owner and holder of a promissory note and only proved the assignment of a note previously lost. It is argued that an averment of the execution and existence of a note is not sustained by proof of a lost note. The execution of the note, which was set forth in the petition, was admitted by the defendants. The mortgage was assigned and delivered to the assignee, and it contained a copy of the note which corresponded with the copy set out in the petition; and the statute provides that "the assignment of any mortgage as herein provided shall carry with it the debt thereby secured." (Gen. Stat. 1901, § 4238.) There was abundant testimony that Ford was the owner of the note, but the question remains whether there could be a recovery in the absence of an averment that the note had been lost. The loss of the note is no part of the cause of action, and a statement of the loss is therefore not an essential allegation. The reason that loss or destruction of a note or other instrument is alleged in certain cases is to excuse the failure to give a copy of it in the pleadings or the failure to make profert of the instrument where it is required.

In *Sargent v. Railroad,* 32 Ohio St., 449, the supreme court of Ohio held that "an action may be sustained on a destroyed promissory note, and where a copy of the note is given with or made part of the petition the destruction of the note need not be averred in the petition." The same view was taken by the supreme court of Indiana, in *Cunningham v. Hoff et al.,* 118 Ind. 263, 20 N. E. 756, in which it was held that, "where a copy of a note sued on is filed with the com-

plaint as an exhibit, no allegations in regard to the loss or destruction of the note are necessary to make the complaint good." (Syllabus.) The case of *Houy v. Gamel,* 26 Tex. Civ. App. 123, 62 S. W. 76, was an action to recover on notes which had been lost, and it was contended that proof of the loss and secondary evidence of execution and contents could not be received because allegations of loss were not contained in the petition. It was held that "it was not necessary in this character of suit to allege the notes as having been lost. If it were an equitable suit to establish the existence of lost notes merely, such averments would probably have been essential. But this was to recover judgment upon the notes, and a rule of evidence only was involved; and upon proof of the loss, secondary evidence concerning their execution and contents was admissible." (Page 124.) The same question was before the supreme court of Vermont, in the case of *Viles & Atkins v. Moulton,* 11 Vt. 470, where it was said:

"This was an action on note. The note was not produced in evidence, but the plaintiff endeavored to prove its loss and contents. The first objection which was raised on the part of the defendant was that there was no count in the declaration upon a lost note. We think that there is no necessity for such a count in any case. Whenever it becomes necessary to make a profert of an instrument, if it is lost, there must be an averment of the loss. But, in a declaration on a note, no profert is made. It is not usual, and not required in the courts of the United States, to declare specially on a lost note as lost." (Page 474. See, also, *Renner v. Bank of Columbia,* 22 U. S. 581, 6 L. Ed. 166; *Dormady v. State Bank of Illinois,* 3 Ill. 236; *Adams v. Baker,* 16 R. I. 1, 11 Atl. 168, 27 Am. St. Rep. 721; *Adams v. McCauley and Husband,* 4 Rob. [La.], 184; 13 Encyc. Pl. & Pr. 364.)

To the claim that it was unfair for the plaintiff to set out a copy of the note as if she had possession of the original, and then at the trial present the copy of it with secondary evidence of its contents, it may be said that the execution of the instrument as it was

copied in the mortgage was admitted. Then, again, the defendants could not have been misled or prejudiced on that account, as long prior to the trial depositions had been taken by both plaintiff and defendants with respect to the loss of the note, and the question was tried out substantially as if it had been pleaded.

Nor did the defendants suffer prejudice by the averment that the note had been indorsed and sold before maturity, where the only proof was of a sale after maturity and without indorsement. The plaintiff was not claiming the rights of an innocent holder, nor seeking to cut off the equities of the maker. Upon a like question, in *Bank v. Schlegel,* 66 Kan. 509, 72 Pac. 210, Mr. Justice Mason remarked:

"As plaintiff did not assert any rights as an innocent purchaser and did not claim to have purchased the note before maturity, the allegation of its indorsement was immaterial and it was not necessary for plaintiff to prove it in order to establish its right to recover." (Page 511.)

When the plaintiff first rested her case the defendants demurred, and indicated that they would stand on their demurrer. The court remarked to the jury that it would be his duty to instruct them to find for the plaintiff. He suggested the appointment of a foreman, and requested the clerk to give him a blank verdict, when plaintiff's attorney asked and obtained leave to offer evidence of defects in defendants' tax deed, the execution of which had been admitted. There is a complaint that this was in effect an instruction to the jury to find against the defendants, and that it was never withdrawn from their consideration. The court indicated that as the case stood it would be his duty to instruct them to find for the plaintiff, and some steps were taken preparatory to the giving of such instruction. Before it was given, however, the case was reopened, testimony was introduced on the part of both plaintiff and defendants, and the case was submitted at length to the jury under full instructions by the court.

The jury could not have misunderstood the status of the case, nor been misled by the remark of the judge.

Testimony offered for the purpose of showing that the mortgage debt was satisfied and the mortgage discharged by the execution of a deed from the mortgagor was excluded by the court. No error was committed in its exclusion. Payment, satisfaction or settlement were not pleaded, and could not be proved under a general denial. (*Stevens v. Thompson,* 5 Kan. 305; *St. L., Ft. S. & W. Rld. Co. v. Grove,* 39 Kan. 731, 18 Pac. 958; *National Bank v. Quinton,* 57 Kan. 750, 48 Pac. 20.)

Nor was there any abuse of discretion in the ruling refusing the application of defendants to amend the answer and introduce the new issue of payment or satisfaction near the end of the trial.

The statute of limitation invoked by the defendants was not available to them, as they claimed under a tax deed and not under any title derived from the mortgagor. (*Ordway v. Cowles,* 45 Kan. 447, 25 Pac. 862; *Trust Co. v. Parker,* 65 Kan. 819, 70 Pac. 892.)

There was sufficient testimony to show that the tax deed of the defendants was defective and void, and while some other objections have been made to the proceedings and judgment we find nothing substantial in them, and no ground for reversal. The judgment is affirmed.

All the Justices concurring.