Robidoux v. Munson.

---

PETER ROBIDOUX v. EDWARD H. MUNSON et al., as Executors, etc., et al.

No. 14,880   (88 Pac. 1085.)

SYLLABUS BY THE COURT.

TAX DEEDS—*Amount Bid for Land Not Stated*—*Void Deed.* Where at a tax sale land is bid in for the county, the omission of the deed to state the price is a defect which renders it invalid on its face and which is not cured by a recital of the amount paid by an individual for an assignment of the certificate, when there is no showing as to how much of this was due to subsequent taxes.

Error from Sherman district court; CHARLES W. SMITH, judge. Opinion filed February 9, 1907. Affirmed.

*Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*E. F. Murphy,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: In a suit brought to foreclose a real-estate mortgage Peter Robidoux, who had possession of the land under a tax deed, was made a defendant. His deed was set aside and he prosecutes error. He first complains of the refusal of the trial court to permit him to interpose the statute of limitations as a defense to the mortgage. It has been repeatedly decided by this court that one not in privity with the maker of a mortgage cannot avail himself of that plea against it. (*Ordway v. Cowles,* 45 Kan. 447, 25 Pac. 862; *Trust Co. v. Parker,* 65 Kan. 819, 70 Pac. 892; *Bare v. Ford,* 74 Kan. 593, 598, 87 Pac. 731.) The reasons urged against this doctrine are not regarded as sufficient to require a reexamination of it.

The only remaining question is whether the tax deed was invalid upon its face. It omitted to state the amount for which the property was bid off by the county treasurer. This rendered it void, unless the omission could be supplied by inference reasonably to be drawn from some other recital. The amount paid to the county treasurer for an assignment is stated, and if this had been made up only of the selling price, and interest, as in *Fullington v. Jobling, post,* the deed could have been upheld. But an interval of more than two years elapsed after the sale before the certificate was assigned to an individual. The amount paid for the assignment necessarily included taxes that accrued after the property was sold. How much of it was made up of the selling price and how much of the subsequent

taxes is not stated, and cannot be ascertained from the face of the instrument. The defect noted therefore remained unremedied and the deed was properly set aside.

The judgment is affirmed.