CHARLES E. GIBSON v. ADAM F. AST *et ux.*

No. 15,419. (94 Pac. 801.)

SYLLABUS BY THE COURT.

1. STATUTE OF LIMITATIONS — *Foreclosure of Mortgage — Tax-deed Holder.* One who has procured a tax deed to a tract of land is not a privy in title to the former owner of the land, and where the former owner has executed a promissory note, secured by a mortgage on the land, the holder of the tax deed cannot plead the statute of limitations as a defense in an action brought by the holder of such note and mortgage to foreclose the mortgage on the land.

2. TAX DEED—*Recital of Amount for Which Land Was Bid Off for County.* A tax deed which has been issued and recorded for more than five years is not void upon its face for the reason that it does not recite the amount for which the county treasurer bid in the land for the county at the tax sale, when the deed does recite that the treasurer did, nearly three years thereafter, assign a tax certificate thereon "for the sum of sixty-one dollars and seventy-eight cents, being equal to the cost of redemption at that time," and the deed further recites the amount of the delinquent taxes for each year; the amount for which the treasurer bid off the land is then a matter of simple computation.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed March 7, 1908. Affirmed.

*W. H. Russell,* for plaintiff in error.

*W. E. Saum,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Gibson commenced this suit in the district court of Ellis county to foreclose a mortgage upon a tract of land in that county formerly owned by one

Parks, who, with his wife, executed a note for $750 and secured the payment of the same by a mortgage on the land.  Gibson alleged proper indorsements and assignments of the note and mortgage.  Ast and wife, being made defendants therein, answered and alleged, among other defenses, that the suit of Gibson was barred by the statute of limitations, and that they were the absolute owners of the property by successive conveyances from one who had procured a tax deed to the land, which had been of record more than five years.  To these defenses Gibson filed a general demurrer, which the court overruled, and he brings the case here for a review of that decision.

It has been too frequently decided in this court to justify further discussion that one who is not in privity with the maker of a mortgage upon land cannot interpose the statute of limitations as a defense in a suit to foreclose the mortgage thereon.  (*Robidoux v. Munson,* 75 Kan. 207, 88 Pac. 1085; *Ordway v. Cowles,* 45 Kan. 447, 25 Pac. 862; *Trust Co. v. Parker,* 65 Kan. 819, 70 Pac. 892; *Bare v. Ford,* 74 Kan. 593, 87 Pac. 731.)

It is contended on the part of Gibson that the tax deed, a copy of which is attached to the answer, is void upon its face, for the reason that it does not recite the amount of the taxes and charges for which the county treasurer bid the land off for the county.  It does recite, however, that it was bid off for the whole amount of taxes and charges then due thereon.  The land was bid off at the regular sale on the first Tuesday of September, 1894, for the taxes and charges of 1893.  The deed further recites that on the 16th day of August, 1897, the county treasurer gave a tax-sale certificate on the land to one Connell, who paid for the same the sum of $61.78, and that the assignee paid the subsequent taxes for the year 1894, amounting to $11.88, and the year 1895, amounting to $11.61, and the year 1896, amounting to $11.35, and the year 1897, amounting to $12.76.  Now, these several amounts of taxes, except for the year 1897, were delinquent at the time

the assignment was made by the county treasurer, August 16, 1897, and were included in the sum of $61.78 paid for the assignment, if, as the deed recites, the whole amount of taxes and charges then due was paid. Deducting the sum of these delinquent taxes from the sum paid gives the amount of taxes and charges with the interest thereon for the year 1893, and deducting the accrued interest from the time of the sale to the time of the assignment leaves the amount for which the treasurer bid off the land for the county. Again, if interest be computed at the rate provided by law on the sum paid for the assignment ($61.78) to the date of the issuance of the deed, and the amount of the taxes for 1897 be added to such payment and interest, the sum is a few cents more than the consideration recited in the deed.

The *Robidoux v. Munson* case, *supra*, is cited as authority for holding this deed void on its face, but the cases are easily distinguishable. In that case the deed contained no recitals which cured the omission of the deed to state the price at which the land was bid in by the county. As we have seen, the recitals in this deed do cure the defect.

This being the only infirmity in the deed which it is claimed renders it void, the demurrer to the defense was properly overruled, and the demurrer, being general to two defenses, is bad if either states a cause of defense.

The order of the court overruling the demurrer is affirmed.