A. B. COOPER, *Appellee,* v. JOHN RHEA, *Appellant.*

No. 16,404.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Vacation—Mistake—Issues Presented by Plead-ings—"Irregularity."*  Under the provision (Civ. Code, § 568, subdiv. 3; Gen. Stat. 1901, § 5054, subdiv. 3) that a judg-ment may be set aside at a subsequent term "for mistake, neglect or omission of the clerk, or irregularity in obtain-ing" it, a court may vacate a judgment rendered on the plead-ings because of a misapprehension as to what allegations they in fact contained.

2. LIMITATION OF ACTIONS—*Removal of Cloud from Title.*  The right to maintain an action to remove a cloud from a title is a continuing one to which the statute of limitation is not ap-plicable.

3. FORECLOSURE—*Recovery against Defendant Not in Privity with Mortgagor—Proof that the Mortgagor Had Title.*  In an action brought to foreclose a mortgage, in order to establish a ground of recovery against a defendant who does not claim under its maker, the plaintiff is required to show that the mortgagor had title to the property, so that the mortgage created a lien.

Appeal from Trego district court; JACOB C. RUPPEN-THAL, judge.  Opinion filed March 12, 1910.  Reversed.

*S. M. Hutzel,* and *A. D. Gilkeson,* for the appellant.

*W. E. Saum,* for the appellee.

The opinion of the court was delivered by

MASON, J.:  A. B. Cooper began an action upon sev-eral coupons more than five years past due, asking the foreclosure of a real-estate mortgage given to secure the bond from which they had been clipped.  The mort-gagors, who are not shown to have otherwise encum-bered or conveyed their title, were named as defendants, the petition alleging that they had been absent from the state long enough so that the bar of the statute of limitation had not fallen.  They do not appear to have

been served, and the plaintiff dismissed the case as to them.   John Rhea was made a defendant under the allegation that he claimed an interest in the mortgaged property, but that any right he had therein was inferior to the lien of the plaintiff.   He filed an answer alleging, among other matters, that the plaintiff's cause of action had not accrued within five years prior to the commencement of the suit.   The plaintiff demurred to this part of the answer.   On December 17, 1906, the court overruled this demurrer, and, as the plaintiff declined to plead further, gave judgment for Rhea.   After the lapse of the term the plaintiff filed a motion to open this judgment, on the ground that he had misunderstood the character of the answer when he elected to stand upon his demurrer.   On November 8, 1907, the court sustained the motion and set aside the judgment.   Thereafter Rhea filed an amended answer, consisting of a general denial and a plea of the five-year statute of limitation.   A trial was then had.   The plaintiff introduced the coupons.   No other evidence was offered by either party.   Judgment was rendered for the plaintiff ordering a sale of the property and barring all claims of Rhea, who appeals.

The first question presented is whether the court erred in vacating the original judgment.   The plaintiff made affidavit that at the time the judgment was rendered he understood that the parties and the court had agreed that the answer was to be amended so as to set out a tax deed, and that it was to be treated at the hearing on the demurrer as though such amendment had already been made.   He also introduced an affidavit of the former judge of the court, who presided when the judgment was rendered, stating that he had understood that to be the situation and had acted upon that understanding.   It therefore was shown that the judgment was rendered on the pleadings while the court and the losing party were under a mistaken impression as to what issues they presented.   The power of

the court to correct such an error, even at a subsequent term, is so essential to the orderly administration of justice that it ought not to be denied unless in virtue of legislation admitting no other reasonable construction. A judgment so rendered does not express the real purpose of the court. The situation it presents is analogous to that arising when the record made does not conform to the action really taken. It is as necessary that a speedy remedy should be afforded in the one case as in the other. In many states a mistake of fact is recognized as an independent ground for vacating a judgment after the term has lapsed. (23 Cyc. 931; 15 Encyc. Pl. & Pr. 245.) Here authority for such action must be found, if at all, under the provision that a court may vacate or modify its own judgment "for mistake, neglect or omission of the clerk, or irregularity in obtaining" it. (Civ. Code, § 568, subdiv. 3; Gen. Stat. 1901, § 5054, subdiv. 3.) Assuming that the "mistake" referred to in the language quoted can only be that of the clerk, the word "irregularity" must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts. Such has been the practical construction placed upon it. (*Small and others v. Douthitt and others*, 1 Kan. 335; *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14; *Murphy & Bros. v. Swadner*, 34 Ohio St. 672.)

A specific objection is made to the order opening the judgment on the ground that the plaintiff did not, as required by the statute (Civ. Code, § 572; Gen. Stat. 1901, § 5058; *Schuler v. Fowler*, 63 Kan. 98), make a showing that he had a valid cause of action. His affidavit set out that he believed he had a complete defense to the answer. Under the circumstances of the case— the real issue being one of law—this must be deemed sufficient.

The defendant maintains that his plea of the statute of limitation was good. He could not, however, take advantage of the fact that the coupons were more than

.five years overdue unless he claimed under their makers. (*Ordway v. Cowles,* 45 Kan. 447.) His answer was .silent as to the nature of his interest in the land, and therefore did not show that he was not in privity with the mortgagors; but in order to avail himself of the plea that the mortgage was barred he was required .affirmatively to show that he held under them. (*Trust Co. v. Parker,* 65 Kan. 819; 27 Cyc. 1562.) Inasmuch as he did not place himself in a position to assert that the coupons were outlawed, the five-year statute of limitation did not protect him. If he did not claim through the mortgagors the fact that the action accrued five years before it was brought was no defense. In that case it was as to him in effect an action to remove a cloud from the title and the statute of limitation was not applicable.

"It is an acknowledged branch of equity jurisdiction to remove clouds from the title at the suit of the owner of the fee. Such owner has a right to invoke this aid. But must he do it within ten years after the commencement of the cloud, or may he do it at any time during its existence while he continues such owner? . . . This is a continuing right that may be asserted at any time during the existence of the cloud; never barred by the statute of limitations while the cloud continues to exist. This results from the continuing character of the right, which is equally as potent after the lapse of eleven years as it was during the first ten." (*Miner v. Beekman et al.,* 50 N. Y. 337, 343.)

"While a cause of action clearly accrues to the owner of real property in possession thereof whenever a cloud upon his title is created or an adverse title asserted, we do not think it necessarily follows that such cause of action accrues then once for all, so as to start the statute of limitations from that date. A cloud upon a title must always continue to operate as such during the period of its existence, and, as its effect upon the title is continuing, the cause of action resting on the right of the owner to have it removed would seem to be continuing also, and to be available at all times while the cloud remains." (*Batty v. City of Hastings,* 63 Neb. 26, 29.)

(See, also, *Smith v. Matthews,* 81 Cal. 120; *Schoener et al. v. Lissauer et al.,* 107 N. Y. 111, 117; *Anderson v. Akard,* 15 Lea (Tenn.) 182; *Wagner v. Law,* 3 Wash. 500.)

The dismissal of the case as to the mortgagors gave rise to an anomalous situation. It left the plaintiff prosecuting what was nominally the foreclosure of a mortgage without the mortgagor or any successor to his title being a party—with no defendant in court excepting one presumably claiming under an adverse title. Such a proceeding could only be in effect an action to protect the lien of the holder of the mortgage—analogous to a suit to quiet title. Under some circumstances a remedy of that kind might be necessary. For instance, before an action to foreclose a mortgage accrued a tax deed might be taken out, good on its face but in fact voidable. If the mortgagor refused to act probably the mortgagee might invoke the aid of a court of equity to set aside the deed before the passage of time made it invulnerable. Possibly conditions not disclosed by the petition justified the plaintiff in maintaining a separate action against Rhea. But he failed in his proof. By introducing the coupons in evidence he sufficiently showed that he owned them, and their execution, as well as that of the mortgage and bond, was admitted. But he made no attempt to establish that the mortgagors ever had any title to the mortgaged property, a fact that was essential to the claim of a lien on his part. Therefore he made out no case whatever, and was not entitled to the judgment rendered or to any other judgment against Rhea. (*Ordway v. Cowles,* 45 Kan. 447.)

The litigation was conducted on each side with such finesse that the court is not greatly enlightened as to the claims of either party. The plaintiff dismissed the mortgagors from the case, and so left it to proceed without the owner of the fee—generally regarded as the one indispensable party to a foreclosure suit

8—82 KAN.

(*Britton v. Hunt*, 9 Kan. 228)—probably under the impression that their presence in some way made the statute of limitation a menace, possibly for fear that they might answer and plead it. The defendant refrained from disclosing the nature of his claim, perhaps because by doing so he would have shown affirmatively that he had no standing to assert that the coupons were outlawed. Neither gave evidence of having any interest in the property, but as the burden of proof was on the plaintiff rather than on the defendant he was not entitled to relief.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.