G. L. FINN *et al.* v. F. G. JONES.

No. 16,062.

TAX DEEDS—*Consideration.* A tax deed held void on its face be-
cause it did not state the amount of the delinquent taxes or
the amount for which the land was sold.

Error from Wichita district court; CHARLES E. LOB-
DELL, judge. Opinion filed June 5, 1909. Affirmed.

*J. S. Simmons,* for the plaintiffs in error.

*W. H. Russell,* and *Frank V. Russell,* for the defend-
ant in error.

*Per Curiam:* This is an action of ejectment involv-
ing the question whether a certain tax deed more than
five years old is void on its face. The objection to the
deed is that it fails to state the amount of the delin-
quent taxes or the amount for which the land was sold.
It recites that in September, 1897, it was bid in for the
county, and that on February 1, 1902, an assignment
was made to G. L. Finn for $9.26, being a sum equal
to the cost of redemption at that time. It then recites
that the subsequent taxes of the year 1897, amounting
to $7.87, and of the year 1898, amounting to $7.70, and
of the year 1899, amounting to $6.41, and of the year
1900, amounting to $5.74, amounting in the aggregate
to $36.98, had been paid by the purchaser. In the
granting clause of the deed, which was executed on the
same day the assignment was made, February 1, 1902,
it is recited that in consideration of $51.65, taxes, costs
and interest due on said land for the years 1896, 1897,
1898, 1899 and 1900, paid to the treasurer, the land
was conveyed to Finn.

It is impossible to determine from the face of the
deed the amount for which the land was sold or the
amount of the subsequent taxes. From one statement
it would seem that when the certificate was assigned,

on February 1, 1902, the full amount of the taxes for 1896 as well as all subsequent taxes amounted to $9.26, but later recitals show that the subsequent taxes could not have been included in that sum. The subsequent taxes specified in the deed as paid amount to $27.72, whereas the deed recites that the aggregate was $36.98. That aggregate appears to equal the amount of the taxes for 1896 and the four items mentioned as subsequent taxes. This, however, does not correspond with the express consideration of $51.65, said to be the total amount due on the land. If this is the correct amount, and if from it are taken the items named in the deed as subsequent taxes, it would make the taxes of 1896 $23.93 instead of $9.26. Treating the $36.98 item as the amount of subsequent taxes, that would leave $14.67 as the taxes of 1896, instead of $9.26, and if the $36.98 includes the taxes of 1896 there is still the amount of $14.67 to be accounted for. The items set forth in the deed can not by any computation be harmonized, nor can the amount of subsequent taxes or the consideration for which the sale was made be learned from the recitals of the deed. The court rightly held the instrument to be void on its face. (*Robidoux v. Munson,* 75 Kan. 207.)

Neither the lapse of time nor the facts in the case furnish any basis for applying the doctrine of estoppel invoked by plaintiffs.

The judgment of the district court is affirmed.