WILLIAM T. VAN BUSKIRK, *Appellant*, v. ARTHUR LAWRENCE *et al., Appellees.*

No. 16,387.

SYLLABUS BY THE COURT.

TAX DEEDS—*Selling Price Omitted—Misstatement of Cost of Redemption—Presumptions.* A tax deed based upon a sale to the county and an assignment of the certificate, which does not in terms state the sale price and which misstates the cost of redemption, which was the consideration for the assignment, is not void on its face if, from data furnished by the deed and the law, aided by the presumptions which may legitimately be indulged, the sale price may be ascertained and the recital corrected.

Appeal from Morton district court; WILLIAM H. THOMPSON, judge. Opinion filed March 12, 1910. Affirmed.

*Stephen H. Allen, Otis S. Allen,* and *George S. Allen,* for the appellant.

*G. Porter Craddock, William Easton Hutchison,* and *C. E. Vance,* for the appellees.

Van Buskirk v. Lawrence.

The opinion of the court was delivered by    r

BURCH, J.: In this case a tax deed, of record more than five years, recites a sale to the county on September 4, 1894, for the taxes of 1893, an assignment of the certificate on March 28, 1898, for $8, the cost of redemption at that time, the payment of subsequent taxes for the year 1894, amounting to $9.15, for the year 1895, amounting to $8, and for the year 1896, amounting to $5.75, an aggregate of $30.86, and a conveyance on March 28, 1898, for a paid consideration of $41.84, the taxes, costs and interest for the years 1893, 1894, 1895 and 1896. It is said the tax deed is void on its face because the sale price is not stated and the certificate was assigned for a sum less than the cost of redemption. If from data furnished by the law and the deed, and the presumptions which may legitimately be indulged, it is possible to meet these criticisms, the deed is not void on its face. There is no difficulty in doing this by making an analysis of the consideration stated in the deed.

The cost of making the deed was fifty cents, the fee for the certificate was ten cents, and the fee for the redemption notice is fixed by law at twenty-five cents as a maximum. Assume, as it is proper to do (*Glenn v. Stewart*, 78 Kan. 608), that the fee in fact paid was twenty cents. The sum of these charges is eighty cents, which, deducted from the consideration, leaves $41.04. The land having been sold to the county, it was not resold for subsequent delinquent taxes, but such taxes were charged up on the days when sales otherwise would have occurred. Computing interest on the amounts stated as the taxes for 1894, 1895 and 1896 from the 4th day of September of the proper years, the total for subsequent taxes and interest is $28.75. The day of sale would not be the 4th day of September of each year, but that is an average date, and the differ-

ence in interest on the small sums involved would probably not amount to a penny either way. Deducting $28.75 from $41.04, the remainder is $12.29. This sum necessarily is the sale price and interest, and it is just one cent more than $8 with interest from the day of sale to the day the certificate was assigned. The variance may be accounted for by the assumption of the average date referred to or by difference in method of calculation. The sum of $30.86 inserted in the deed is plainly the sale price plus the subsequent taxes without interest, and may be ignored. The result is that the sale price is mathematically demonstrated from the face of the deed. The amount necessary to redeem is shown by the same unerring process, and that amount was paid by the purchaser for the certificate. It is true the deed contains a misrecital; $8 is the sale price and not the sum necessary to redeem; but since the deed itself corrects the recital it is valid on its face.

Whether a different result would have been reached in the case of *Finn v. Jones*, 80 Kan. 431, had the method here employed been duly pressed upon the attention of the court need not be determined.

The judgment of the district court is affirmed.