C. L. GRIGSBY, *Appellee*, v. CLARENCE D. WILLIAMS et al. (Fred L. Morris, *Appellant*).

No. 18,023.

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Statutes of Limitations of Another State Must be Pleaded.* When none but the five-year statute of limitations of this state is pleaded in opposition to the foreclosure of a mortgage the court can not give the pleader the benefit of the six-year statute of limitations of another state.

2. ——— *When Mortgage Lien is Not Defeated by Adverse Possession.* The lien of a real-estate mortgage is not defeated by adverse possession when the initial claim of ownership of the land was made under a deed, not yet fifteen years old, which contains an express recital that it is subject to the mortgage.

Appeal from Barber district court. Opinion filed June 7, 1913. Reversed.

*Bennett R. Wheeler,* and *John F. Switzer,* both of Topeka, for the appellant.

*F. S. Macy,* of Liberal, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, Grigsby, brought suit to quiet his title to a tract of land. His title was based on a deed from the holder of the patent title, dated in May, 1901, and a tax title, procured in the year 1902, based on a tax deed dated in September, 1900. Defendant Fred L. Morris set up a note and mortgage given in 1886 by the then owner of the land, and asked that the mortgage be foreclosed. In reply the plaintiff pleaded the five-year statute of limitations against the note and mortgage, adverse possession of the land for the statutory period of fifteen years, and the tax deed, which had been of record more than five years. After a trial judgment was rendered for the plaintiff and the defendant appeals.

The tax deed was void on its face under the decisions in the cases of *Robidoux v. Munson,* 75 Kan. 207, 88 Pac. 1085, and *Finn v. Jones,* 80 Kan. 431, 102 Pac. 479, and consequently was not sufficient to extinguish the lien of the mortgage.

The proof disclosed that the maker of the note and mortgage, although formerly a resident of this state, had been absent therefrom a sufficient length of time to toll the statute of limitations pleaded in the reply. It is argued, however, that the defendant's right to foreclose the mortgage was barred by the six-year statute of limitations of the state of Washington, where the mortgagor resided when the note matured and where he continued to reside for a number of years. The statute of limitations of the state of Washington, however, was not pleaded, and if facts existed making it available the benefit of it was waived.

"Certainly the courts can not give to a party the benefit of a statute of limitations which he has not chosen to plead. Certainly they can not give him the benefit of the longer statutory period applicable to his case which he did not plead, in lieu of the shorter period not applicable, but which he has nevertheless pleaded. In such case he will be deemed to have waived the statute of limitations as a defense or as a reply, the same as though no statute at all had been pleaded." (*Downey v. Railroad Co.,* 60 Kan. 499, 508, 57 Pac. 101.)

The plaintiff admitted that he did not claim to own the property until he purchased the patent title in 1901, and the deed which he then accepted conveying such title was made expressly subject to the defendant's mortgage. Since the plaintiff's initial claim of ownership was made in subordination to the mortgage and fifteen years have not since elapsed, the defense of adverse possession failed.

The judgment of the district court is reversed and the cause is remanded with direction to foreclose the defendant's mortgage.