### WILLIAM HOUY ET AL. v. JOHN W. GAMEL.

Decided April 3, 1901.

**1.—Action on Note—Allegation and Proof of Loss.**

In an action to recover on notes it is not necessary to allege the loss of the notes in order to prove their execution and loss by parol.

**2.—Continuance—Diligence.**

Where an application for continuance because of the absence of a material witness set forth that the witness had not been in the county since suit was

begun; that he had left to settle somewhere in the west, promising to write a relative when settled; and that the relative had not yet heard from him, but that applicant believed he would be heard from soon, and had used every endeavor to locate the witness, the application should have been granted.

Appeal from Mason. Tried below before Hon. M. D. Slator.

*Stapleton & Meek,* for appellants.

*Walter Anderson,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action upon promissory notes. It appears that John W. Gamel, William Houy, H. Woodward, and F. Scheuning had been sureties for D. W. Martin in a certain contract of the last named with Julius Runge. Martin failed to perform his contract, and Runge assigned said bond and obligation to the First National Bank of Mason. The bank brought suit against them all, and Gamel settled with the bank; and Houy and Woodward in this matter executed two notes to Gamel for $500 each, with interest and attorney's fee, upon which notes the judgment appealed from was rendered.

Gamel filed this suit on September 5, 1900, declaring upon a note for $1000, but afterwards amended his petition, setting up the two notes for $500 each.

The first assignment is that the court erred in permitting plaintiff to prove the execution and loss of the two notes by parol testimony, there being no allegation in the petition that the notes had been lost. The proposition advanced by appellants is that in a suit upon a lost note, in order to let in proof of its loss and secondary evidence of its execution and contents, the petition must allege the loss and describe the notes. The petition said nothing about the notes being lost. It was not necessary in this character of suit to allege the notes as having been lost. If it were an equitable suit to establish the existence of lost notes merely, such averment would probably have been essential. But this was to recover judgment upon the notes, and a rule of evidence only was involved, and upon proof of the loss, secondary evidence concerning their execution and contents was admissible.

The matters referred to by the third assignment show no good grounds for reversing the judgment. The first assignment is the only one that merits discussion. Defendants object to the overruling of the application for continuance. The application was for the absence of the testimony of Martin and A. W. Moursund, Esq. It can hardly be supposed that defendants expected to obtain a continuance to get testimony of E. M. Reynolds, who it appears was in the Federal penitentiary at Leavenworth. The testimony desired from Judge Moursund, as stated in the application, would have been inadmissible. But the testimony desired from Martin, would have been material upon the issue of payment. The only question then is, was the application sufficient in its showing of diligence toward obtaining his testimony? It is shown by the applica-

tion that the suit was originally filed on September 5, 1900; that defendant Woodward was served on September 8th, and Houy on September 10th. The term began October 1st. On October 15th the cause came on for trial, and plaintiff filed an amended original petition alleging the two notes for $500 each, instead of one note for $1000. The application alleged that the residence of Martin was unknown to defendants; that he was in Mason County in June and July of that year; that he left to settle somewhere in the West,—California or Oregon,—and agreed with his nephew John Martin, a neighbor of defendant. Woodward, that as soon as he was located he would write to him; that he had not written, and said John Martin had not yet heard from him, but would soon, as defendant Woodward verily believes; that defendant. Woodward has used every endeavor he can to locate said D. W. Martin since he was served with citation, but as has as yet failed.

We fail to see what more could have been reasonably demanded than what appears from the application to have been done in reference to getting D. W. Martin's testimony. Certainly neither defendant was. required to do anything in this direction before citation. It is true that it might have been practicable to have located D. W. Martin through some one else than his nephew; but this possibility is sufficiently negatived by the statement that defendant Woodward has used every endeavor he could to locate this witness since he was cited, and had failed. We think defendants were entitled to the continuance.

The question of surprise at the filing of the amended petition setting up two notes, in place of one, as in the original, will no longer exist in the case, and it is not necessary to notice it.

*Reversed and remanded.*