ALLEN v. RETTIG.   (No. 460.)

(Court of Civil Appeals of Texas. El Paso. May 27, 1915.)

1. CONTINUANCE ☞37 — ABSENCE OF WITNESSES—MATERIALITY OF TESTIMONY—SUFFICIENCY OF MOTION.

In an action on a note, wherein defendant claimed that he had bought the note from Y., to whom plaintiff's attorney had delivered it with instructions to sell it, a motion for a continuance to procure the testimony of such attorney and another was insufficient, where it did not allege that the attorney would testify that he had authority to sell the note, or show that either of the witnesses would testify to any facts material to the issues.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127; Dec. Dig. ☞37.]

2. LOST INSTRUMENTS ☞22—ACTION ON DESTROYED NOTE—PLEADING AND PROOF—SECONDARY EVIDENCE.

In an action on a note which had been destroyed, secondary evidence of the contents of the note was admissible on proof having been made of its destruction, though the destruction of the note was not alleged in the pleading.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 47–50; Dec. Dig. ☞22.]

3. LOST INSTRUMENTS ☞23 — BURDEN OF PROOF—DEFENSE.

In an action on a note which had been destroyed, wherein defendant claimed to have bought the note from Y., to whom plaintiff's agent had delivered it with instructions to sell

it, the burden was on the defendant to establish his contention that he bought the note in good faith in the usual course of trade, without knowledge of Y.'s lack of authority.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 51–57; Dec. Dig. &⇒23.]

4. LOST INSTRUMENTS &⇒23—ACTION ON DESTROYED NOTE—EVIDENCE—PARTIES.

In such suit, it was not error to admit evidence to show Y.'s dealings with plaintiff's agent.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 51–57; Dec. Dig. &⇒23.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by W. E. Rettig against O. L. Allen. Judgment for plaintiff, and defendant brings error. Affirmed.

Dowell & Dowell, of Houston, for plaintiff in error. T. C. Rowe, of Houston, for defendant in error.

WALTHALL, J. In this case, W. E. Rettig, defendant in error, sued O. L. Allen, plaintiff in error, on a promissory note for $1,000 and a foreclosure of a chattel mortgage lien on a sawmill, fixtures, and tools, described in the petition, given to secure the note, and made T. J. Reed and J. T. Brown parties defendant, as claiming to have some interest in the mortgaged property, obtained after plaintiff's rights attached. Allen answered by general and special demurrers, general denial, special denials of the allegations in the petition, and alleged that he had paid off and satisfied the note, and that at the time of the filing of the suit was the owner and holder of the said note, in good faith, purchasing the note from N. L. Yarborough; that, Rettig, through his wife, having placed the said note in the hands of Yarborough for settlement and collection, Yarborough had a right to sell and convey the note to him (Allen); that the note was originally a debt for lumber, and that Rettig, acting through his wife as his agent, agreed to accept in settlement of the note an order on Reed and Brown, then owners of the sawmill, for 105,000 feet of lumber; that the order had been given and the note thereby paid; that if the lumber was not delivered on the order he (Allen) would be liable only for the lumber and not on the note; that to affect a collection of said note, Mrs. Rettig placed the note in the hands of R. W. Harris, an attorney, and that said Harris placed the note in the hands of said Yarborough with instructions to sell the note; and that he (Allen) bought the note from Yarborough for $150 and an interest in some land. Rettig, by supplemental petition, demurred and denied the facts alleged in Allen's answer; denied that his wife was his agent or authorized to do anything whatsoever about the collection of said note, that if Allen had ever given an order to Reed and Brown for lumber in settlement of said note, he (Allen) had

countermanded said order for the lumber, and that no lumber was ever delivered. The pleadings are lengthy. The case was submitted to the jury on special issues, and any further facts necessary to an understanding of the case will be gathered from the issues submitted to and found by the jury. The jury found as follows:

"1. The plaintiff, Rettig, is indebted to defendant, Allen, in the sum of $40 as rent.

"2. Rettig authorized his wife to collect the note sued on.

"3, 4. Rettig authorized his wife to accept lumber from Allen in settlement of the note.

"5. Mrs. Rettig, in settlement of said note, accepted an order from Allen on Reed and Brown for 105,000 feet of lumber.

"6. Neither Rettig nor his wife have ever refused to take lumber in settlement.

"7. Mrs. Rettig called upon Reed & Brown for the purpose of securing the delivery of the lumber.

"8. Mr. Rettig never authorized his wife to sell the note.

"9, 10, 11. Rettig authorized his wife to employ R. W. Harris, a lawyer, for the purpose only of collecting the note.

"12, 13, 14. No response.

"15. Allen, before he got possession of the note, knew that it had been turned over to Harris for the purpose of collection only.

"16. Allen got the note from Yarborough.

"17. Yarborough got the note from Harris.

"18. Allen, at the time he got the note, did not know that Yarborough had gotten it from Harris.

"19, 20, 21, 22, 23. Allen purchased the note from Yarborough by paying him $150, and took possession of the note at the time he bought it.

"24, 25. At the time Allen bought the note of Yarborough, he did not believe that Yarborough was the legal owner and holder of it, but knew that the note belonged to Rettig."

[1] The first assignment of error is based on the refusal of the court to continue the case on Allen's motion. In this there was no error. The motion to continue was not sufficient, in that it did not show the materiality of the testimony of either of the two witnesses. It did not state what Allen wanted to prove by Spender, nor in any way undertake to show that his evidence would be material on any issue. The motion stated that the testimony of Harris was material, in that he would testify that he was the agent and attorney for Rettig, and had the note sued on in his possession for settlement, and that he placed the note in the hands of Yarborough for settlement and payment, and that Yarborough received $150 of Allen and interest in 40 acres of land and delivered said note to Allen. The jury found the facts about as stated in the motion. The material issue tendered by Rettig on these facts was a want of authority of Harris and Yarborough to do more than collect the note. The motion did not allege that Harris would testify that he had authority from either Rettig or his wife to sell the note to Allen. The jury found that Allen knew the note had been turned over to Harris for collection only. Yarborough could have no greater authority to dispose of the note than Harris,

from whom he got it. There was no fact material to any issue in the case stated in the motion, and the court was not in error in overruling it.

[2] The suit was brought on the note. The note had been destroyed, and the court permitted Rettig to prove the contents of the note without any allegation in the pleading as to the destruction or loss of the note. In this there was no error. If it were an equitable suit to establish the existence of the lost note merely, the averment of its loss would probably have been necessary. But the suit was not to establish the existence of the note, but to recover judgment on the note, and a rule of evidence only was involved, and upon proof of its destruction secondary evidence as to its contents was admissible. Houy v. Gamel, 26 Tex. Civ. App. 123, 62 S. W. 76. The assignment is overruled.

[3] The thirteenth and fourteenth grounds in the motion for a new trial are based on the refusal of the court to give special instructions requested, placing the burden of proof on plaintiff to show that at the time Allen bought the note from Yarborough, he (Allen) knew that Yarborough had no right to sell the note, and that he (Allen) had not acquired the note in good faith in the usual course of trade. The court was not in error in refusing these instructions. The matters were defensive, and the burden was on defendant.

[4] Yarborough was neither a proper nor necessary party to the suit and it was not error to admit evidence to show the nature of his dealings with Allen, as claimed in the sixteenth assignment. The assignment is overruled.

In the absence of a statement of facts, we cannot say that special issues Nos. 24 and 25 are without evidence to support them, and the assignments 15 and 16, raising this issue, are overruled.

Assignments 11, 12, 13, 14, 15, and 16 are without merit, and are overruled. The judgment rendered by the court was the only one that could have been properly rendered on the facts found by the jury.

The judgment is affirmed.